BRADLEY WINSLOW, Assignee of the Estate of NATHAN WHIT-
ING, a bankrupt, Appellant, v. WILLIAM CLARK.

(GENERAL TERM, FIFTH DISTRICT, JANUARY, 1870.)

W. gave to S. W., his father, a mortgage on land of $2,000, as security to
that extent, against a like mortgage of $5,000, given by the latter for a
loan to W., and having paid the greater part of the latter mortgage, and
being insolvent, procured an assignment of the $2,000 mortgage from
S. W., to C., who knew of his insolvency, for the purpose of preferring a
debt; within four months after the assignment, W.'s creditors filed a
petition against him in bankruptcy; C. foreclosed,)purchased at the sale,
and conveyed to a *bona fide* purchaser for full consideration. In an
action by W.'s assignee in bankruptcy, duly appointed (who had not
been made a party to the foreclosure), against C., to recover the purchase
money received by him from his grantee.—*Held*, that the assignment of the
$2,000 mortgage, as to such part of the amount secured thereby, as
remained unpaid of the $5,000 mortgage was valid, but that beyond
such amount, the said assignment was void under the provisions of
section thirty-five of the bankrupt law; and that the plaintiff might
ratify the conveyance of C., and recover the purchase money which he
received thereon, less such part of the $2,000 mortgage, as was necessary
to satisfy the balance unpaid on the principal mortgage.

The evidence showing, that no more than $500 was due on the mortgage
of $5,000, and the appeal being from a judgment on a referee's report
dismissing the complaint, the plaintiff was allowed to have judgment for
the balance of the purchase money paid to the defendant, without costs,
upon stipulating to allow a deduction of $500 therefrom, otherwise the
judgment to be affirmed with costs.

APPEAL from a judgment for the defendant, entered on the
report of a referee, dismissing the plaintiff's complaint with
costs.

The complaint demanded judgment, setting aside the
assignment of a certain mortgage for $2,000, made by the
plaintiff's assignor in bankruptcy, and also setting aside a
foreclosure, and sale of the mortgaged premises, obtained
under the mortgage at the suit of an assignee thereof, said
assignee having been the purchaser at the sale; or in case
of conveyance by the assignee, that the plaintiff might
recover the sum paid as the consideration for such convey-

ance; and for an account of rents and profits, &c., and for other relief.

It appeared that the defendant, after his purchase at the foreclosure sale, had conveyed the premises to one Babcock for $2,200. The facts appear in the opinion of the court. The case was submitted without oral argument.

*Hammond & Winslow,* for the appellants.

*Hubbard & Wright,* for the respondents.

Present—MULLIN, MORGAN and DOOLITTLE, JJ.

By the Court—MULLIN, P. J.   By section 14 of the bankrupt law, it is provided that the assignment of the bankrupt's estate shall relate back to the commencement of the proceedings in bankruptcy, and vest in the assignee the title of the bankrupt to all his property and estate both real and personal, with certain exceptions not material to be considered in this case.

Nathan Whiting was adjudged a bankrupt on the 14th March, 1868. The plaintiff was appointed assignee on the 11th of May, 1868, and the assignment was made to him on the 20th of May. The day on which the proceedings in bankruptcy were commenced was not proved on the trial, but it is alleged in the complaint that they were commenced by the filing of the petition of the creditors on the 25th February, 1868, and it must have been about that time.

Plaintiff's title to the property in question in this suit, must be deemed to have become vested as of the last mentioned day. The title he thus acquired was that of the bankrupt, no more, no less. He therefore took it subject to all liens upon it that were valid against the bankrupt, unless such liens had been created by him within four months previous to filing the petition in order to give preference in fraud of the bankrupt act, or were created with some other fraudulent intent.

The defendant claims that at the time of filing the petition,

Winslow v. Clark.

he had a lien on the premises in controversy, by way of mort-gage, for the sum of $2,000, given by the bankrupt to Samuel D. Whiting, his father, payable in two years with interest. This mortgage was given to the father as security *pro tanto* toward a debt of $5,000 due from the bankrupt to him. The latter raised the $5,000 upon his own bond secured by a mortgage on his own farm. Payments were made by the bankrupt upon this $5,000 mortgage from time to time, so that on or prior to the 31st December, 1867, it was either paid in full or so nearly paid that the mortgagee told the father that he would never be troubled as to that mortgage; that it would be all right as to him. The bankrupt was indebted to the defendant, and, for the purpose of preferring the payment of such debt, requested his father to transfer to the defendant the said $2,000 mortgage; and he did so by assignment bearing date the 31st December, 1867. At the time of making this assignment and giving this preference the defendant knew that the bankrupt was insolvent. The debt from the bankrupt to his father seems to have been valid. He had therefore the right to hold and enforce the mortgage for $2,000 for whatever sum remained unpaid on the debt of $5,000. And a transfer of the $2,000 mort-gage to the defendant was undoubtedly valid to the extent of such unpaid indebtedness.

The mortgage being the property of Mr. Whiting, the elder, he had the right to assign to the defendant or any other creditor of his son, in payment or as security for his son's debt. Such a preference was not a preference given by the son but was that of the father for the son's benefit. The creditors of the son have no reason to complain of such a preference or payment. In the property transferred they had no manner of interest.

If the mortgage debt of $5,000 was paid, the $2,000 mort-gage was also paid and ceased to be a lien on the premises covered by it. A mortgage once paid cannot be revived by a parol agreement of the parties, and continue as security for other demands to the prejudice of other creditors who subse-

quently acquire liens on the premises covered by it. (*Mead v. York*, 6 N. Y., 449; *Truscott v. King*, id., 147; *Marvin* v *Vedder*, 5 Cowen, 671; 1 Paige, 181.)

If a paid up mortgage cannot be revived or continued for a demand other than the one to secure which it was given by a parol agreement between the parties, it surely cannot be revived by such an agreement between a mortgagor and a third person not a party to the mortgage. The cases cited *supra*, and others might be referred to, hold a paid up mortgage attempted to be revived as a security for a new indebtedness void against subsequent *bona fide* purchasers and creditors by judgment or mortgage. The creditors of the bankrupt must, it seems to me, be held to be within the principle of the cases when the agreement to revive is made after the time to which the assignment of the property of the bankrupt relates.

The policy and object of the bankrupt law are to seize and appropriate the property of the bankrupt for the benefit of his creditors. The debts are made a lien upon it, and it is disposed of for the purpose of satisfying them. To permit a bankrupt, after he knows he is insolvent, *to* revive satisfied liens in order to pay a part of his creditors, would be as fatal to the rights of his other creditors, as palpable a violation of the objects as well as of the letter of the act, as if he was permitted to create new liens for the same purpose. The bankrupt law itself, as well as the general principles alluded to, in the most clear and emphatic terms, prohibit any such revival. The mortgage is a lien, therefore, only for the amount remaining due on the $5,000 mortgage.

The most important question in the case was, and is, the amount if any due, on that mortgage. For some reason undisclosed by the counsel in the case, the requisite evidence was not given on the trial to enable the referee to decide this question, and until it is decided no judgment can be ordered that will accurately settle the rights of the parties.

Plaintiff, as assignee of the bankrupt, holds the title to the land, and the bankrupt law entitles him to recover it or the value of it. (Section 35 of bankrupt law.) If a conveyance

Winslow *v.* Clark.

has been made or incumbrance imposed on the property by the person claiming it as purchaser under the bankrupt, the law permits the assignee to sue for and recover the value. It thus enables the assignee to ratify and confirm the sale; prevents litigation and at the same time fully secures the rights of the creditors.

I am unable to perceive any reason why the assignee may not ratify a sale thus made, provided he can recover of the person liable over to him the fair value of the property, nor why he may not release or quitclaim to the purchaser his interest as assignee, so as effectually to cure any defect there might be in the title by reason of the proceedings in bankruptcy, and the assignment to him. If there has been no sale of the premises, then he must proceed to recover them by an action of ejectment. If the person in possession is in as mortgagee or assignee of a mortgage, the assignee cannot recover the possession unless he shows the mortgage paid. (4 Abbott Dig., 56, § 128.) If he cannot do this, then his remedy is in equity to redeem from under the mortgage, and he will be entitled to a judgment authorizing him to redeem on paying the amount due on the mortgage. The assignee might proceed in equity to compel a satisfaction of the mortgage upon the ground that it was fully paid. And if the fact of payment was made out he would be entitled to such relief. But if payment in full was not proved he would be entitled upon payment to redeem. These several modes of relief were open to the plaintiff.

To entitle plaintiff to recover in ejectment, the person actually in possession must be the party defendant. It is found by the referee that Wm. H. Babcock was in the occupancy of the premises at the commencement of the action. It follows that there can be no recovery in that form of action in this suit. In an action to redeem, the purchaser Babcock is a necessary party, and no relief can be given in that form of action without him. (*Dias* v. *Merle,* 4 Paige, 259.) Babcock is not a party, and hence there can be no judgment for redemption.

It is found by the referee that the defendant, after Whiting was adjudged a bankrupt, proceeded as the assignee of the $2,000 mortgage to foreclose it, but did not make the plaintiff a party defendant, and that judgment of foreclosure and sale was subsequently entered, and in pursuance thereof, the said premises were sold under the said judgment, and bid in by the defendant, who afterward sold them to said Babcock. Under these circumstances, no judgment, directing a cancellation or satisfaction of the mortgage, could be entered; it has ceased to exist; it is merged in the judgment, except so far as it may be in life to enable plaintiff to redeem. If I am right in these views, it follows that the only action the plaintiff could maintain against the defendant, would be to recover the value of the premises covered by the $2,000 mortgage, and, I think, the complaint contains all the allegations necessary to entitle him to recover such value. But upon the finding of the referee, that something is still due on the $5,000 mortgage, and as the defendant is entitled to hold the $2,000 mortgage for such balance, he can only be liable for the value of the premises, after deducting therefrom the amount unpaid on the mortgage. As that balance has not been found, he is not entitled to judgment for the value, unless he is willing to call such balance $500, that being the highest sum that can be due thereon.

The referee has found the value of the premises to be $2,200. The referee was, upon the evidence before him, strictly regular in dismissing the complaint.

But if the plaintiff is willing to admit that there was $500 due on the $5,000 mortgage at the date of the referee's report, and to give to Babcock a quit claim deed of his interest in said premises, I perceive no necessity for turning the parties over to another suit when their rights can be adjusted in this.

Every fact necessary to be proved, to entitle the plaintiff to recover the value of the land, is found by the referee, and this court on the appeal, may now modify the judgment so as to afford the relief, which the referee could have given when

the case was before him. (*Marquat* v. *Marquat*, 12 N. Y., 336; 1 John's Cases, 499; 1 J. R., 529.)

I am in favor of affirming this judgment, unless the plaintiff shall, within twenty days after notice of this judgment, enter into a stipulation admitting that the sum of $500 was due on the $5,000 mortgage on the 9th August, 1869, and execute and deposit with the clerk of Jefferson county a deed, executed and acknowledged in due form of law, quit-claiming to Mr. William H. Babcock all his (plaintiff's) right, title and interest in and to said premises, as assignee of said Whiting, then the judgment of the referee shall be so modified as to require the defendant to pay to the plaintiff said sum of $2,200, less said sum of $500, and that plaintiff have execution for the balance. If the judgment is so modified, then neither party shall have costs against the other. If the plaintiff shall refuse to stipulate, and to execute, and deliver said deed as above directed, then the judgment of the referee is affirmed with costs.

MORGAN, J., was for an absolute affirmance.

Judgment affirmed, unless, &c.