Rapallo, J.
 

 The defendant made an ineffectual attempt to foreclose the mortgage which he held upon the property of the bankrupt. At the time of the commencement of the foreclosure suit, the equity of redemption was vested, by operation of law, in the plaintiff and he was not made a party to the proceedings. The foreclosure, therefore, was of no effect as to Mm, and his equity of redemption remained in full force.
 

 The defendant purchased at the foreclosure sale, and resold the premises to one Babcock, who was in possession at the time of the commencement of this action.
 

 Babcock was chargeable with notice of the rights of the plaintiff, and took subject thereto. He acquired only the title of the defendant, who was mortgagee in possession, and entitled only to hold until payment of the amount due upon the mortgage, which was proved by the referee to be not exceeding $500.
 

 The plaintiff was entitled, upon this state of facts, to maintain an action to redeem. But the present action was not properly framed for that purpose. Babcock was a necessary party. He was not made a party, and the objection was properly taken by the answer. The complaint was properly dismissed for this reason.
 
 (Dias v.
 
 Merle, 4 Paige, 259.)
 

 We think the court erred in modifying the judgment so as to render a personal judgment against the defendant for the value of the property, less the amount due on the mortgage, as upon a conversion of the property by the defendant.
 

 
 *264
 
 There was no- conversion of the interest of the bankrupt, or of the plaintiff, in the property in dispute. This interest remained intact, accessible to the plaintiff by the proper remedy, and wholly unaffected by the attempted foreclosure.
 
 (Watson
 
 v.
 
 Spence,
 
 20 Wend., 260; 10 Paige, 20; 3 Rob. Sup. Ct., 448; 3 B. Ch., 360.) I am not aware that an owner of an equity of redemption in real estate, which has been sold under a foreclosure to which he was not a party, has ever been allowed to recover against the mortgagee, or the purchaser at the mortgage sale, a personal judgment for the value of his interest in the mortgaged premises.
 

 Substantial justice was probably done by the judgment, as modified at the General Term; but I am unable to find any principle or precedent upon which it can be sustained. The thirty-fifth section of the bankrupt law does not aid the case. That section merelyauthorizes the assignee to recover from a party to whom the bankrupt has made a fraudulent sale or transfer of his property, either the property so transferred or conveyed, or the value thereof. Here there was no transfer or conveyance of the real estate in question from the bankrupt to the defendant, but a mere attempt by the defendant to foreclose a valid pre-existing mortgage, which failed to bar the equity of redemption, by reason of the omission of the defendant to make the assignee in bankruptcy a party to the foreclosure suit.
 

 The judgment at General Term should be reversed, and that entered on the report of the referee affirmed, with costs.
 

 All concur, except Grover, J-., not voting.
 

 Judgment accordingly.