# SUPREME COURT.

WILLIAM A. GILBERT, assignee of the estate and effects of CYRUS A. FURMAN, a bankrupt, agt. GEORGE CRAWFORD *et al.*

This court has jurisdiction of an action brought by an *assignee in bankruptcy*, to recover money and property from the defendants alleged to have been previously conveyed to them by the bankrupt in fraud of the act of bankruptcy, passed by congress, March 2, 1867.

*Jefferson Special Term, September 5,* 1872.

THE plaintiff alleges his appointment under the act of congress, entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2d, 1867, and the execution of an instrument by a register in bankruptcy conveying all of the estate of the bankrupt, the 7th of December, 1871, to the plaintiff.

That prior to the adjudication of bankruptcy, and in contemplation thereof, the bankrupt conveyed certain property to the defendants, and made certain payments to them as creditors, in fraud of the said act and with intent to hinder, delay and defraud the other creditors of the bankrupt, a demand of the defendants by the plaintiff of such property, and a payment of the moneys and a refusal by the defendants, and then the complaint asks for judgment against the defendants for the same, or its value.

The defendants demurred to the complaint, as follows :

1. That said complaint does not state facts sufficient to constitute a cause of action.

2. That the court in which such action is brought has no jurisdiction of the subject-matter set forth in the complaint.

Gilbert agt. Crawford.

A. J. Brown *and* M. H. Merwin, *for plaintiff.*
Ulman, Lazzam & Remmington, and P. C. Williams,
*for defendants.*

Hardin, *J.*—By the proceedings in bankruptcy, and the
execution of the instrument alleged by the register in bank-
ruptcy, the plaintiff took title to all the property and effects,
not exempt by law, which belonged to the insolvent at the
time of the commencement of the proceedings (*See section
14 of act of congress*).

The fourteenth section authorizes the assignee to sue for
and recover the estate and assets of the bankrupt.

If the transfer of property and payment of money alleged
in the complaint were void, then no title passed to the defend-
ants and the same belonged to the bankrupt at the time of
the appointment of the plaintiff, and passed to him in virtue
of the proceedings and appointment (2 *B. R.*, 131, 82; 6 *Allen*,
292; 15 *Penn.*, 385; 2 *H. Bl.*, 451, 308; 35 *Penn.*, 308;
8 *S. & M.*, 703; 10 *Met.*, 583; 101 *Mass.*, 109.)

The court has jurisdiction over the subject-matter of this
action, unless some provision of the act in question has con-
ferred it exclusively upon some other tribunal, or by express
provision prohibited this court from taking cognizance of
actions in behalf of assignees in bankruptcy.

It is insisted by the learned counsel for the defendants that
this court has no jurisdiction of the subject-matter, and can-
not afford the relief asked for by the plaintiff's complaint.

As already observed, the action is to recover both property
and money which belonged, by reason of the bankrupt's fraud,
to him at the time of the plaintiff's appointment.

The plaintiff having the legal title to the cause of action,
it is now insisted he shall have no relief in this court, because
no express words are found in the act conferring upon a state
court jurisdiction, and because jurisdiction is conferred upon
the United States district court and the several circuit courts
of the United States.

Gilbert agt. Crawford.

Section one of the act confers jurisdiction upon the district courts in these words, viz. : " They shall have original jurisdiction in their respective districts in all matters and proceedings in bankruptcy; and they are hereby authorized to hear and adjudicate upon the same according to the provisions of this act."

Section two of the act provides, " That the several *circuit* courts of the United States, within and for the district where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act, and, except when special provision is otherwise made, may, upon bill, petition or other proper process of any party aggrieved, hear and determine the case as a court of equity."

It will be observed that, as to both courts, the words are general and permissive in their character. There are no words conferring on either or both *exclusive* jurisdiction. In the case of *Dudley* agt. *Mahew* (3 *Comstock*, 9) it was resolved that state courts have no jurisdiction over patent cases; but it was shown in the very able opinion of STRONG, J., that the act of congress, by its very terms, conferred exclusive jurisdiction upon the United States courts to enforce its provisions.

It contained provisions which could only be enforced by such courts, and that act was the foundation of the rights. The power to issue injunctions was given, to be exercised upon such terms and conditions as such courts may deem reasonable.

That case is not an authority controlling the question here presented. The acts are quite dissimilar in their provisions. That the congress did not intend to confer exclusive jurisdiction upon the district and circuit courts of the United States, is favored by the provision found in the latter part of the second section of the act under consideration.

It is enacted " That no suit at law or in equity shall, in any case, be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching

Gilbert agt. Crawford.

the property and rights of property aforesaid, in any *court whatsoever*, unless the same shall be brought within two years from the time the cause of, accrued for or against such assignee."

Had the intention of the originators of the act been to confer exclusive jurisdiction upon the district and circuit courts, why use the words "in any court whatsoever," in the provision quoted?

By section 16 of the act, it is provided that the assignee shall have the like remedy to recover all said estate, debts and effects, in his own name, as the debtor might have had, * * * and if an action is pending in the name of the debtor for the recovery of a debt or other thing which might or ought to pass to the assignee, the assignee shall be admitted to prosecute the action in his own name in like manner and with effect as if it had been originally commenced by him.

In none of those provisions can any language be found which prohibits the assignee from entering any tribunal having original jurisdiction over the subject-matter and parties.

The language conferring the remedy by action is broad and unrestricted. *No provision is to be found in the act depriving this court* of jurisdiction in cases where the assignee has a right to sue and recover. It does not lie in the mouth of these defendants to say, true, we have the property of the bankrupt or his assignee, but we will only respond in the court appointing the assignee.

This court, has in numerous cases, allowed assignees in bankruptcy to maintain actions of this character under the several laws of bankruptcy (1 *Johnson*, 370; 3 *Sandf. Chy.*, 527; 3 *Alby. Law Jour.*, 290; *opinion by* Dwight, J.; 5 *John.*, 412; 2 *Lans.*, 377; *S. C.*, 47 *N. Y.*, 261; *Gilbert* agt. *Priest, MS. opinion by* Doolittle, J.).

The defendants' learned counsel asserts that "state courts are not amenable to congress, and that the state sovereignty may at any time deny the use of its tribunals to enter law-

Gilbert agt. Crawford.

suits in favor of assignees in bankruptcy, and neither congress nor federal courts could prevent it." Suffice it to say, no such denial has been made by this state in its sovereignty, nor has there been found any good reason or pressing necessity for such denial.

A more wholesome doctrine than that of the counsel is expressed by PECKHAM, J., in *Middlebrook* agt. *Broadbent* (47 *N. Y.*, 448). He says : " State courts have jurisdiction of all legal questions not forbidden by the constitution and by the laws of the United States, passed in pursuance of its authority. But the courts of the United States have cognizance of such matters only as are given by the constitution and by the acts of congress passed under its authority."

The defendants' demurrer must be overruled, with liberty to answer within twenty days upon payment of costs.

NOTE.—The foregoing opinion is very ably and satisfactorily indorsed by the court of appeals in the case of *Cook* agt. *Whipple et al.*, a note of which has recently been published in the *Albany Law Journal*, as follows : " Jurisdiction of state court at suit of assignee in bankruptcy.—This action was brought in the supreme court of this state by plaintiff, as assignee in bankruptcy of C., to recover money and property alleged to have been transferred to and converted by defendants with the view of preventing its coming to the assignee. Defendants insisted that the supreme court had no jurisdiction, and hence the complaint should be dismissed. *Held*, That the supreme court has, under the constitution and laws of this state, jurisdiction of all cases in law and equity, and there being nothing in the bankruptcy acts limiting such jurisdiction, plaintiff, as assignee of C., had a right to bring an action, either legal or equitable, in that court, to recover the property of the bankrupt. The state courts have concurrent jurisdiction with the United States courts in such action. Opinion by GROVER, J."—REP.