By the Court.—Mullin, P. J.
The question is an exceedingly interesting and important one, as are all questions involving the relations of the States and the federal government. While, on the one hand, the courts of the States should not refuse to entertain jurisdiction of cases which rightfully belong to them, so, on the other hand, they should scrupulously avoid assuming jurisdiction of cases properly within the cognizance of the courts of the United States. When once the State courts refuse to entertain causes for want of jurisdiction and the federal courts assume it, in such cases it will be difficult, if not impossible, to recall it, however erroneous the surrender of jurisdiction may have been, and in process of time the national courts would absorb the largest share of cases now concededly belonging to the courts of the States. Congress is every year extending the laws of the United States to new subjects affecting not only the political but the social relations of the citizens ; and thus new sources of litigation are opened up and new causes of action created, and the federal courts are clothed with exclusive jurisdiction. In all these cases there will be but little left after a while for the State courts to do.
By section 1 of article 3 of the constitution of the United States, it is declared that the judicial power of the United States shall be vested in one supreme court, and in such inferior courts as the Congress may from time to time ordain and establish. No part of the judicial power is or can be vested in the State courts (2 Story’s Com., on the Constitution, § 1593). Section *172 2 of the same article provides that the judicial power shall extend to all cases in law and equity arising under the constitution, the laws of the United States and treaties made, or which shall be made under their authority, to all cases affecting' ambassadors, other public ministers and consuls—to all cases of admiralty and maritime jurisdiction—to controversies to which the United States shall be a party—to controversies between two or more States, between a State and citizens of another State, between citizens of different States, between citizens of the same State claiming lands under grants of different States, and between a State, or the citizens thereof, and foreign States, citizens or subjects.
In Martin v. Hunter, 1 Wheat. 304, 333, it is said that the foregoing enumeration of subjects to which the judicial power extends embraces two classes, over one.of which the jurisdiction of the federal courts is exclusive, and over others it. is, or may be, original or appellate, and in some concurrent with the State courts, at the election of Congress.
The first class includes cases arising under the constitution, laws and treaties of the-United States, cases affecting ambassadors, other public ministers and consuls, and cases of admiralty and maritime jurisdiction. The second class embraces all the remaining cases included in the above enumeration.
In some of the cases in the second class, the State courts entertain jurisdiction of actions notwithstanding the judicial power of the general government extends to them. The United States and the several States may sue, but cannot be sued in the courts of the States; and it has been held that foreign ministers may also maintain actions in the State courts.
In the case of Martin v. Hunter, supra, the court assign as a reason for holding that the jurisdiction of the federal courts in the first class of cases above men *173 tioned is exclusive, that in cases arising under the constitution, laws and treaties of the United States, the State courts could not ordinarily possess a direct jurisdiction. The jurisdiction over such cases could not exist in the State courts previous to the adoption of the constitution, and it could not afterwards be directly conferred on them, for the constitution expressly requires the judicial power to be vested in courts ordained and established by the United States. This class of cases would embrace civil as well as criminal jurisdiction, and affect not only our internal policy but our foreign relations. It would therefore be perilous to restrain it in any manner whatsoever, inasmuch as it might hazard the national safety. The same may be said as to cases affecting ambassadors, other public ministers and consuls, who are emphatically placed under the guardianship of the law of nations ; and as to cases of admiralty and maritime jurisdiction, the admiralty jurisdiction embraces. all questions of prize and salvage, in the correct adjudication of which foreign nations are deeply interested ; it embraces also maritime torts, contracts and offenses in which the principles of the law and comity of nations often form an essential inquiry. All these cases enter into the national policy, affect the national rights, and may compromise the national sovereignity.
Again: it is said, “it is manifest that the judicial power of the United States is in some cases exclusive of all State authority, and in all others may be made so at the election of Congress.” No part of the criminal jurisdiction of the United States can consistently with the constitution be delegated to the State tribunals. The admiralty and maritime jurisdiction is of the same exclusive cognizance. The State court will not entertain jurisdiction for the recovery of penalties imposed by the laws of the United States. The jurisdiction in such cases is exclusive in the federal courts.
*174 There are numerous cases arising under the constitution and laws of the "United States not contained in either of the classes above given, in which the State courts have not jurisdiction, and in which it is exclusively in the federal courts. Actions to restrain the courts or officers of the United States from the performance of their duties imposed upon them by law, or to compel them to perform their duties in conformity with the commands of the State courts. In these, and other cases that might be mentioned, jurisdiction is withheld from the courts of the States because the federal government could not discharge the important duties imposed upon it by the constitution, if the courts of the several States had the power to control the action of its officers at their pleasure.
Judicial power, within the meaning of the constitution, maybe defined to be that power by which judicial tribunals construe the constitution, the laws enacted by the Congress, and the treaties made with foreign powers, or with the Indian tribes, and determine the rights of parties in conformity with such construction.
When a law is enacted by Congress to carry into effect any of the powers conferred upon it by the constitution, the construction and enforcement by judicial action belong exclusively to the courts of the United States. Incidentally the courts of the States may construe the laws of the United States and determine the rights of parties in conformity with such construction; but they possess such power only in cases arising incidentally under the legislation of Congress. When Congress passes a copyright or patent law, the federal courts only can determine the rights of authors and inventors, and the validity of the right the author has to his book in the one case, and of the inventor to his. invention in the other; but the State courts may enforce contracts and rights of property arising from and growing out of such laws, and in so doing may *175 construe the laws under which the rights of action arise.
The bankrupt law provides for declaring certain persons bankrupt, and for discharging them upon certain conditions from their debts, and confers upon assignees appointed under it, the right to maintain actions upon contracts made by the bankrupt, and to recover property to which he was entitled, and vests in them the title to all the property of the bankrupt not specifically exempted by law. And it declares void all conveyances or transfers of property made by the bankrupt in fraud of its provisions.
Now the State courts have no authority to entertain proceedings .to declare a debtor a bankrupt, nor to discharge him from his debts—nor to inquire into the regularity or validity of a discharge granted by a court of the United States authorized by law to entertain such proceedings; and it is equally certain that the State courts have no control over the officers appointed to carry into effect the bankrupt law, nor over the property of the bankrupt, before nor after the appointment of the assignee. How then can the State court entertain jurisdiction of an action brought by an assignee to set aside a conveyance made in fraud of the bankrupt law %
Because, it is said, they have jurisdiction of such an action concurrently with the courts of the United States.
Let us now inquire in what cases the courts of the two governments have jurisdiction of the same causes of action.
The supreme court of the United States, in Martin v. Hunter, supra, says, “ It can only be in those cases where, previous to the constitution, State tribunals possessed jurisdiction independent of national authority, that they can now constitutionally exercise a concurrent jurisdiction.”
Tn the Federalist, No. 82, written by Alexander *176 Hamilton, there is a very able discussion of the question of concurrent jurisdiction. He says, “ This doctrine of concurrent jurisdiction is only clearly applicable to those descriptions of causes of which the State courts had previous cognizance.” The writer proceeds to say, It is not equally evident in relative cases which may grow out of and be peculiar to the constitution to be established, for not to allow the State courts a right of jurisdiction in such cases can hardly be considered as the abridgment of a pre-existing authority, . . . and I am even of opinion that in every case in which they are not expressly excluded by the future acts of the national legislature, they will of course take cognizance of the causes to which those acts may give birth.”
By this I understand the learned writer to mean, that the State courts, unless excluded by Congress, will have jurisdiction of all causes arising under acts of Congress of which they had jurisdiction at the time of the adoption of the constitution (2 Story's Com. on the Constitution, § 1754).
It comes to this, then,—had the courts of this State jurisdiction, before the adoption of the Constitution, to declare void a conveyance made in fraud of an act of Congress ?
Such a power could not exist, as there was no such body as a Congress capable of passing a law. But those who hold that the State courts have jurisdiction to declare void a conveyance in fraud of the bankrupt law, do not claim that suah a power existed at the adoption of the constitution, but the claim is that they had jurisdiction to declare void fraudulent conveyances, and it is immaterial whether the fraud is upon the bankrupt law or upon the creditors of the bankrupt. There is no doubt but the State courts had jurisdiction to set aside and declare void fraudulent conveyances.
The fraud, however, of which the State courts had jurisdiction when the constitution was adopted, was *177 perfectly well understood, and is defined by Story in Ms Qommentmies on Equity, § 187, as including “all acts, omissions and concealments which involve a breach of legal duty, trust, or confidence justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another.”
The bankrupt act overlooks altogether fraud as thus defined, and declares a preference given by the debtor to one creditor over another, an act of fraud which renders void the deed or conveyance that gives the preference. This preference is not only not fraudulent by the common law, but is entirely innocent, and in some cases commendable.
An act of Congress is the supreme law, and the State laws must yield to it whenever they conflict; but when the question is, whether the courts of the State have concurrent jurisdiction with the federal courts, the State courts have not got it unless the case is one in wMch they would have had it, had the act of Congress never been passed. I do not mean to say that causes of action may not be created by act of Congress ; but if they are thus created, to be cognizable by State courts, they must be of such as the State courts could entertain jurisdiction of at the adoption of the constitution.
Merely declaring an act fraudulent is not enough ; it must be such as the courts of the State recognized as fraudulent before the passage of the act.
Should Congress declare that selling property on credit, or for. one or two per cent, less than cost, by a debtor, was fraudulent, so as to subject him to be pro-ceded against as a bankrupt, and his conveyances to be declared void, would any lawyer claim that the State courts had jurisdiction of actions to avoid such conveyances ?
Had the bankrupt law declared a conveyance fraudulent and void made by the bankrupt with intent to defraud his creditors, there would be no doubt as to *178 the jurisdiction of the State court, but that is not done, an entirely new species of fraud is created, wholly unknown to the common law, and possessing no element of the species of fraud known to the law before the passage of the bankrupt law.
It is alleged in the complaint in this case that the conveyance by the bankrupt to the defendant, Priest, was without consideration, and was not taken in the ordinary course of business, but the conveyance was set aside, not as made in fraud of creditors, but in fraud of the bankrupt law, so that the question is not before us whether it was fraudulent as to creditors.
Had it been found to be fraudulent as against creditors, I do not doubt but this court would have jurisdiction to adjudge the conveyance void. Chancery had jurisdiction over that class of frauds before the adoption of the constitution of the United States, and therefore the jurisdiction is concurrent with that of the federal courts.
If an act done in fraud of a law is such a fraud as authorizes the courts of this State to entertain jurisdiction of actions brought to annul such act, it must extend to the laws of the State, as the State courts do not in such case derive any authority from the acts of Congress, but proceed upon their common-law powers.
The respondent’s counsel refers us to the following cases decided in this State, in which actions by the assignees of bankrupts have been sustained: Ogden v. Jackson, 1 Johns., 370 ; McMenomy v. Ferrers, 3 Id., 71 ; Phœnix v. Dey, 5 Id., 412 ; Freeman v. Deming, 3 Sandf. Ch., 327 ; Winslow v. Clark, 2 Lans., 377 ; Winslow v. Clark, 47 N. Y., 261 ; and several other cases said to have been decided, but they are not handed up, nor ate they accessible to us; In Ogden v. Jackson, the action was trover brought by the assignee in bankruptcy to recover the property of the bankrupt, and the case was one of concurrent jurisdiction within .all the authorities.
*179 McMenomy v. Ferrers was assumpsit by assignees in bankrupcy for money received belonging to the bankrupt—there could be no question as to the jurisdiction of the State court in that case. In Phoenix v. Dey, the bill was filed by Dey and others, assignees in bankruptcy, for discovery and relief against conveyances by the debtor alleged to have been made in contemplation of bankruptcy.
The chancellor held the conveyance fraudulent and void as against the assignees, and directed a conveyance and payment to them. This decree was reversed in the court of errors. The question of jurisdiction was not raised.
The bankrupt law of 1800, under which the preceding cases arose, differed in one essential particular from the act now in force; in this, that conveyances or transfers of property by the bankrupt were not declared void unless they were made with a fraudulent intent.
Of actions brought to set aside conveyances for fraud in fact, the courts of the State had jurisdiction.
In Freeman v. Deming, 3 Sandf. Ch., 327, the bill was filed by one of several purchasers of a steamboat, against his co-owners and others, "for an account of the joint adventure. The principal owner, having become insolvent, made an assignment for the benefit of creditors, giving preference, and he had been declared a bankrupt, and his assignees were made parties. They insisted, by way of defense, that the sale by the bankrupt was in fraud of the bankrupt act of 1841 and void. The court so held, and as no objection was made by the parties to the suit to the title of the voluntary assignee, the suit was allowed to proceed for the benefit of the assignee in bankruptcy, he being required to elect whether he would prosecute the suit or abandon his claim. The question of jurisdiction was not raised. This case is an authority for holding that the court has *180 jurisdiction of an action to set aside a conveyance made in fraud of the bankrupt law, although the conveyance was not fraudulent in fact. The question now before us could not arise in the case of Winslow v. Clark. According to the views of the court of appeals, the only remedy in that case was an action to redeem the mortgage, and that action could be maintained in favor of the assignee in bankruptcy in the courts of this State.
In Ward v. Jenkins, 10 Metc., 583, it was held that an assignee in bankruptcy, under the act of 1841, could maintain an action of covenant for the breach of a covenant made with the bankrupt. The correctness of the ruling cannot be doubted.
It was held in Stevens v. Mechanics’ Savings Bank, 101 Mass., that an assignee in bankruptcy may recover in a State court in his own name money deposited by the bankrupt, and paid to him by the savings bank in violation of the assignee’s rights, although paid without notice of the proceedings in bankruptcy. In Boone v. Hall, 3 Am. Rep., 288, the action was by an assignee in bankruptcy, to set aside a conveyance by the bankrupt of property “ charged (as the judge in his opinion expresses it) to ' have been fraudulentl/y transferred by the bankrupt to his co-defendants to defeat the claim of his creditors. ’ ’ If the word ‘ ‘fraudulently ’ ’ is to be understood in its ordinary legal sense, the concurrent jurisdiction of the State court in that case cannot be doubted. Whether this question was decided in Roger v. Van Duzen, referred to in 3 Albany Law Journal, 290, it is impossible to say, as the point said to be decided is so loosely stated.
We have not the means of knowing whether the question was considered by the superior court of Buffalo, in Holbrook v. Third National Bank of Buffalo.
If the premises laid down by Hardest, J., in Gilbert *181 v. Crawford are correct, the conclusion, at which he arrived at in that case is also correct. But I think the learned judge is mistaken in supposing that the State courts have concurrent jurisdiction in this class of cases with the courts of the United States because Congress has not prohibited them from exercising it. If the proposition was sound, the State courts would have jurisdictions in actions for penalties given by acts of Congress, to enjoin the courts and the offices of the several departments of the United States government, and numerous other cases in which it has been held they have not jurisdiction, the power to entertain jurisdiction not having been expressly taken from the State courts in such ca'ses.
It seems to me that Judge Doolittle fell into the same error in this case. He has overlooked the distinction between actions that result incidently from acts of Congress and those which are brought upon the act itself to enforce it. In the former class of cases, the jurisdiction of the State courts is concurrent; in the latter, it is exclusive in the federal courts.
There are cases in which it is held that in actions arising out of the legislation of Congress as to patents the State courts have exclusive jurisdiction, and the federal courts have none,—as in actions to compel the specific performance of a contract for the sale or use of a patent (Brooks v. Stolly, 3 McLean, 523 ; Burr v. Gregory, 2 Paine, 426). If these cases are to be taken to be authority, it would seem to follow, that in most if not all the cases in which it has been supposed the courts of the two governments had concurrent jurisdiction, the federal courts have none whatever. It would be difficult to find a reason for holding the jurisdiction exclusive in the State court in an action to compel specific performance of a contract for the sale or use of a patent that would not apply to actions of trover by receivers to recover for the illegal conversion of the *182 bankrupt’s property, or of assumpsit upon contrasts made with him. My conclusions then are: 1. An action by an assignee in bankruptcy to set aside a conveyance as a fraud on the bankrupt law, is an action to enforce the law, of which, a State court has no jurisdiction.
2. The State courts have concurrent jurisdiction with those of the United States only of actions arising incidentally from acts of Congress passed to carry into effect a power conferred upon it by the constitution, and of which the State courts had jurisdiction before the adoption of the constitution; and this is not one of that class of cases.
3.. The acts for which the State courts may set aside conveyances are such as are mala in se. The act for which the conveyance in this case is sought to be set aside is not of that class, but is prohibited by a law which the State courts have no power to enforce".
The supreme court of Michigan, in a learned and able opinion, has arived at the same conclusion to which we have come ; and for reasons which must commend themselves to both the bench and the bar.
The judgment is reversed, and judgment ordered dismissing plaintiff’s complaint.