By the Court.‡—Davis, J.
The purchaser Martin asks to be relieved from his purchase on three grounds:
*275 First. That during the pendency of the action, and before judgment, three petitions in bankruptcy were filed in the United States district court of the southern district of New York, against the owners of the equity of redemption, which petitions were pending, undetermined by any adjudication, at the time of the sale and purchase.
Second. That one Lieboldt, a judgment creditor of the owners of the equity of redemption, was not made a party to the suit; and,
Third. That a mechanic’s lien for two hundred and eighty-five dollars was filed and in full force against the mortgaged premises.
The last two of these objections are of no weight because the terms of the sale subscribed by the referee, and made part of Martin’s contract of purchase, expressly provide that all liens and incumbrances which are such at the time of the sale, will be allowed by the referee out of the purchase money, provided the purchaser shall, previously to the delivery of the deed, produce to the referee proof of such liens and duplicate receipts for the payment thereof. It was very easy, therefore, for the appellant to have removed the liens if they in fact existed, by applying sufficient of the purchase money to that purpose.
The judgment mentioned in the second objection appears to have been recovered in the marine court of the city of New York, on the 26th of October, 1871, and to have been docketed on the 27th. The action to foreclose the mortgages is shown to have been commenced on the 1st day of August, 1871; on which day the lis pendens was filed and a summons served on one of the defendants. It appears by an affidavit in the papers, that the summons was served on the defendant Harnann on the second day of August, 1871.
The notice of mechanic’s lien mentioned in the third objection was filed on the 9th daj of October, 1871 *276 (after the commencement of the action to foreclose), as appears by the petition. The respondent’s affidavits show that at the time fixed for the delivery of the referee’s deed, the lien had expired for want of prosecution. Both of those objections are therefore answered in several ways.
They were liens accruing subsequently to the commencement of the suit and the filing of the lis pendens, and were cut off without the parties being made parties. One of them had ceased to be a lien by limitation for want of proper prosecution.
They were both trivial in amount, being in the aggregate less than five hundred dollars of principal, and if found on careful examination to be valid, it was the right of the purchaser under the contract to have paid them out of the purchase money and protected himself against them.
The first objection is of a more serious character.
It appears, in substance, that after the suit to foreclose the mortgages was in due form commenced and pending in this court, certain creditors instituted proceedings in the United States court of. bankruptcy to have the owners of the equity of redemption declared bankrupts. No assignee in bankruptcy has been appointed, and it does not appear that any will be. The State court was not divested of its jurisdiction over the subject matter of the action nor of the parties to it, by the proceedings of. creditors to throw the owners of the equity into involuntary bankruptcy. If the court in bankruptcy had power by injunction to restrain all proceedings to foreclose the mortgages in this court and compel the owners of the mortgages to refrain from prosecuting their foreclosure till other creditors could have it determined whether or not their debtors were bankrupts, that question is not in the case, 'because it appears that that court, upon application of the plaintiffs in this action, by an order made for that purpose. *277 so modified the injunction issued as to allow the action of foreclosure to proceed to judgment and sale. It cannot, therefore, be supposed that the court in bankruptcy will hereafter make any decree that will prejudice the title of the purchaser under a sale made under and pursuant to its own consent and authority. Comity between co-ordinate tribunals will secure full respect to a judgment and sale thus sanctioned in advance.
If, pending the action to foreclose the mortgages, an assignee in bankruptcy had been appointed, so that in his official capacity he would have succeeded to the property and the rights of owners of the equity, he would have been brought in as a party for the reasons assigned by Rapallo, J., in Wilson v. Clark, 47 N. Y., 261 ; 10 Paige, 20.
But in this case there has not been and may never be an assignee. The action of foreclosure has proceeded to final judgment and sale without such an official in esse, who could be made a party, and it is quite another question whether the jurisdiction of this court can be affected by the possibility that at some future day an assignee may be appointed. I have no doubt that an assignee appointed after a completed foreclosure by judgment and sale would be held bound by the judgment, and a fortiori in a case where the court of bankruptcy had authorized the continuance of the suit to final judgment and sale, as has been done in this case. The supreme court of the United States . in a late case (Marshal v. Knox) which may be found reported in the Chicago Legal News, page 898, have considered and recognized the rights of parties having and seeking to enforce liens on property to which assignees in bankruptcy are asserting claims ; and the spirit of that decision is certainly hostile to the idea that judgments of this court establishing rights' against all parties in being who may or can be brought in, are to *278 be overthrown or affected by, the appointment of assignees in bankruptcy after execution of such judgments.
Again, the petitions in bankruptcy are filed by creditors seeking to compel the owners of the equity of redemption into involuntary bankruptcy, and I think it very doubtful whether, in that class of cases, the assignment, when ordered, relates back to the filing of the petition. Section 14 of the act of Congress of March 2, 1867, applies to cases of voluntary bankruptcy, and section 42 of the same act does not by any necessary construction give the effect to the assignment in involuntary cases that is provided for by section 14.
There are many reasons for a construction of section 42 that will prevent friendly creditors, by instituting proceedings in bankruptcy, from defeating suits in State courts or other proceedings to enforce just liens and securities; and the court of bankruptcy', having power by injunction to prevent injustice in cases where it is likely to be done, are in no need of the rule of relation in involuntary proceedings that the statute gives in voluntary bankruptcies.
I think the order of the special term should be affirmed, with costs.
Order accordingly.

 Present—Ingraham, P. J., and Davis, J.