## Case No. 10,861.

### PAYSON v. DIETZ.

[2 Dill. 504:[1] 12 Am. Law Reg. (N. S.) 511; 8 N. B. R. 193; 5 Chi. Leg. News, 434; 30 Leg. Int. 313.]

Circuit Court, D. Iowa. 1873.

BANKRUPT ACT—JURISDICTION OF CIRCUIT COURT.

1. The circuit court of the United States has jurisdiction of a common law or equity action brought by an assignee in bankruptcy appointed in another district where such an assignee is a citizen of another state, and the defendant is a citizen of the state where the action is brought, and the amount in dispute exceeds the sum of five hundred dollars.

[Cited in Stansell v. Levee Board of Mississippi, Dist. No. 1, 13 Fed. 851.]

2. Jurisdiction of the state and federal courts as affected by the bankrupt act [14 Stat. 517] considered.

[Cited in Claflin v. Houseman, 93 U. S. 134.]
[Cited in brief in Cook v. Whipple, 55 N. Y. 156.]

In equity. The defendant moves to dismiss the action for want of jurisdiction.

The petition alleges that the plaintiff, "Joseph R. Payson, assignee in bankruptcy of the Republic Insurance Company of Chicago, Illinois, is a citizen of the state of Illinois, and that the defendant is a citizen of the state of Iowa."

The petition then proceeds to set out a case to recover of the defendant the sum of $600, the amount of an unpaid assessment upon stock held by him in the Republic Insurance Company. Among other averments is one that this company, by reason of losses in the Chicago fire, was unable to meet its debts and liabilities, except by an assessment upon its stockholders; that the said company has been adjudged a bankrupt by the proper district court in Illinois; and that the said court, after notice to the stockholders, ordered the assignee to make upon them a call and assessment for the whole amount due and unpaid upon their stock. [Case No. 11,704.]

There are over one hundred other actions of like character brought by the plaintiff as assignee against the stockholders of the company in this state, in which motions are made to dismiss for want of jurisdiction.

H. B. Allen, Galusha Parsons, and C. H. Gatch, for the motion.

H. Scott Howell, Austin Adams, John N. Rogers, and Joseph G. Anderson, against the motion.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. Since the amount in dispute exceeds $500, and the plaintiff is a citizen of Illinois, and the defendant a citizen of Iowa, the jurisdiction of this court under the eleventh section of the judiciary act [1 Stat. 78] plainly exists, unless it be taken away by the provisions of the bankrupt act. It is admitted that there is no express provision depriving either this court or the state courts of jurisdiction of actions in behalf of assignees in bankruptcy. It is argued, however, that the jurisdiction of each of these classes of courts is taken away as a necessary or implied effect of the jurisdiction which is conferred by the bankrupt act upon the district courts of the United States as courts of bankruptcy. It is claimed, and we are inclined to think correctly, that the district courts of the United States have jurisdiction by reason of the subject matter of all proceedings in bankruptcy, and over all actions by assignees in bankruptcy, even though such actions be not brought in the district where the proceedings in bankruptcy are pending; and that since congress has thus established bankruptcy courts throughout the United States and given them this full and plenary jurisdiction, and since the second section of the bankrupt act prescribes that the circuit courts may exercise certain specific powers and jurisdiction in bankruptcy proceedings and actions, the conclusion, it is insisted, is a necessary or legitimate one, that it was the intention of congress that all jurisdiction in bankruptcy cases should be exclusively in the bankruptcy courts, except so far as the bankrupt act expressly confers such jurisdiction upon the circuit court.

We have felt the force of the argument made to support the exclusive jurisdiction of the district courts in all actions relating to the collection of the assets of the estate, and in all other actions concerning the estate, except so far as a concurrent jurisdiction is vested in a limited class of cases by the second section in the circuit courts; but upon the best consideration we have been able to give to this view, we have not been able to reach the conclusion that it is sound.

We mention briefly some of the reasons which sustain the jurisdiction of the circuit court in actions of this character.

1. This court, where the jurisdiction arising from citizenship exists, is a court of full common law and equity powers. In this action the requisite citizenship does exist, and the cause of action is not one created by the bankrupt act, but is essentially a common law action to enforce a contract against the defendant. It is true that the assignee claims title under the proceedings in bankruptcy, much like an executor under proceedings in the probate court, but this does not make the action, properly viewed, a proceed-

ing in bankruptcy. With the consent and under the direction of the proper bankruptcy court, there is no reason why an action like this should not be enforced either in the state court, or in this court, as may be deemed most expedient. Essentially it does not differ from actions of which both classes of courts constantly take cognizance as part of their original and rightful jurisdiction.

2. The argument against the jurisdiction of this court derives all its force from the supposed exclusive jurisdiction of the district courts, and that such jurisdiction is exclusive, both of the state courts and of this court, except to the limited extent mentioned in the second section of the act.

If congress had intended by the first section of the act to make the jurisdiction of the district courts exclusive in the collection of assets, and to deprive all other courts of jurisdiction over any action by or against assignees in bankruptcy, it would have been as easy as it would have been natural to employ language to express this purpose. But it will be observed that the word "exclusive" as descriptive of the jurisdiction, is not only not used, but seems to have been carefully avoided.

3. That the state courts are not deprived of jurisdiction in ordinary common law and equity suits, simply because brought by the assignee in bankruptcy, is a proposition that has the support of many well reasoned adjudications made both under the bankrupt act of 1841 [5 Stat. 440] and the present act. Ward v. Jenkins, 10 Metc. [Mass.] 583; Stevens v. Mechanics' Sav. Bank (1869) 101 Mass. 109; Boone v. Hall (1869) 7 Bush, 66; Winslow v. Clark, 2 Lans. 377; Gilbert v. Priest [65 Barb. 444], and cases cited; Peiper v. Harmer, 5 N. B. R. 252, 8 Phila. 100; Mitchell v. Great Works [Case No. 9,662], per Story, J.; In re Central Bank [Id. 2,547], per Benedict, J.; North Carolina v. Trustees of University [Id. 10,318]; Carr v. Gale [Id. 2,435]; Lucas v. Morris [Id. 8,587]; 1 Kent, Comm. 379, 400.

And Mr. Justice Clifford, in the able judgment in which he demonstrated the jurisdiction of the several district courts of the United States in all matters and cases in bankruptcy, expressly admits that "state courts may, doubtless, exercise concurrent jurisdiction with the circuit and district courts in certain cases growing out of proceedings in bankruptcy." Sherman v. Bingham [Case No. 12,762].

And if these courts may exercise a concurrent jurisdiction in any event, it would seem to be in cases where the assignee, with the consent or concurrence of the bankruptcy court, resorted to them for the ordinary purpose of collecting the assets of the estate.

Assuming the decisions in favor of the concurrent jurisdiction of the state courts in certain classes of action by assignees in bankruptcy to be correct, it would be an anomalous result, and one which we can hardly suppose congress intended, viz., that the state courts should exercise their general concurrent jurisdiction, if the assignee should desire to resort to them, but that this court should not exercise its like jurisdiction.

4. The jurisdiction of this court under the judiciary act is plain. Repeals by implication are not favored. Jurisdiction plainly conferred upon one court cannot be taken away by mere affirmative legislation conferring like jurisdiction upon another court. Speaking of this subject, an eminent judge holds this language: "There is, I think, no instance in the whole history of the law where the mere grant of jurisdiction to a particular court, without any words of exclusion, has been held to oust any other court of the powers which it before possessed." Per Bronson, J., in Delafield v. State of Illinois, 2 Hill, 161.

For these reasons the motion to dismiss for want of jurisdiction is denied. Motion denied.

As to state and federal jurisdiction in cases by and against assignees in bankruptcy, see In re Davis [Case No. 3,620]; Norton v. Boyd, 3 How. [44 U. S.] 437.

[NOTE. For actions brought by the assignee against other delinquent stockholders, see Payson v. Brooke, Case No. 10,857; Payson v. Stoever, Id. 10,863; Payson v. Withers, Id. 10,864; Payson v. Coffin, Id. 10,859 and 10,858; Payson v. Hadduck, Id. 10,862.]