JOHN TYLER, ASSIGNEE, ETC., OF CHARLES J. WING, RESPONDENT, v. NEIL McCOLLUM AND ARCHIBALD McCOLLUM, APPELLANTS.

*Action by an assignee to recover a debt paid by the bankrupt within four months of filing his petition — The Supreme Court has jurisdiction of.*

The Supreme Court of this State has jurisdiction of an action, brought therein by an assignee in bankruptcy, to recover a debt paid to the defendant by the bankrupt within four months of the filing of the petition in bankruptcy.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The plaintiff, as assignee in bankruptcy, brought this action to recover of the defendants money which they had received from the bankrupt, in payment of his debt to them, within four months of the filing of the petition in bankruptcy.

Evidence was given tending to establish that when the payment was made and received, the defendants had reasonable cause to believe, and that the defendants knew that Wing was insolvent, and so indebted as to be unable to pay his debts in full; and that such payment was made with a view to give preference to the said defendants over the other creditors of said Wing in the payment of his debts, and that the moneys were demanded by the plaintiff, as assignee, and that the defendants refused to pay them

over to the plaintiff as assignee, and that this action was commenced in the month of May, 1876, in the Supreme Court of this State.

At the close of the evidence " the defendants moved for a nonsuit, and that the case be dismissed, on the ground that a court of the State of New York had no jurisdiction to entertain, try, or determine the cause of action stated in the complaint and which the evidence tended to establish, and that no cause of action of which said Supreme Court of the State of New York had jurisdiction was stated in the complaint or sustained by the evidence." The court denied the motion and the defendants excepted.

The case was submitted to the jury, and a verdict found for the plaintiff for $2,701.50, and from the judgment entered thereon this appeal was taken.

*Lewis & Gurney,* for the appellants.

*J. F. Parkhurst,* for the respondent.

HARDIN, J. :

We have not been furnished with any points or argument in behalf of the appellants.

In 1872, upon a demurrer to a complaint like the one before us, I examined the question of the jurisdiction of this court and came to the conclusion that a State court had jurisdiction and gave judgment for the plaintiff. (*Gilbert* v. *Crawford,* 46 How., 222.)

In June, 1873, a similar question was presented to this court in *Gilbert* v. *Priest* (65 Barb., 444); and this General Term came to the conclusion that a State court had not jurisdiction. The opinion was delivered by MULLEN, P. J., and concurred in by TALCOTT and E. D. SMITH, JJ.

In November, 1873, a similar question was presented in *Cook* v. *Whipple* (55 N. Y., 150), and decided by the Court of Appeals in favor of the jurisdiction.

In March, 1877, in *Olcott, Assignee,* v. *MacLean et al.* (10 Hun, 277), the General Term of the First Department decided, upon a

construction of the act of Congress of 1874, that jurisdiction was given to the United States District Court exclusively, and that jurisdiction was withdrawn from State courts, and the judgment appealed from was reversed and the complaint dismissed, without costs. The opinion of DANIELS, J., was concurred in by DAVIS, P. J., and BRADY, J. (10 Hun, 277), and see 11 id., 396, where the ground of the decision of *Olcott* v. *MacLean* (*supra*), is stated by DAVIS, P. J.

In October, 1877, *Wente* v. *Young* (12 Hun, 220) was decided upholding the jurisdiction of State courts.

In January, 1878, in *Kidder* v. *Horrooin et al.* (72 N. Y., 159), the Court of Appeals held that, notwithstanding the act of Congress of 1874, "a State court has jurisdiction of an action by an assignee in bankruptcy to recover a debt due the bankrupt," and that "an intention to deprive State courts of jurisdiction will not be inferred from doubtful language, nor will the words of a statute be extended beyond their strict meaning to accomplish this result." (Opinion by ANDREWS, J., concurred in by all the other judges, 72 N. Y., 160.)

In April, 1878, *Olcott* v. *MacLean*, cited *supra* from 10 Hun, 277, was decided by the Court of Appeals, and reversed upon the authority of *Kidder* v. *Horrobin*, *supra*, as appears by the *Per Curiam* opinion in 73 N. Y., 226. And it is there stated that the question of jurisdiction is "not an open question in that court."

That being the latest authority, and apparently conclusive upon the question now before us, we should hold that we are not at liberty to re-examine the question of jurisdiction, raised in this action at the circuit and passed upon adversely to the defendants.

We, therefore, affirm the judgment appealed from.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed.