OSTRANDER *v.* HART *et al.*

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

1. JUDGMENT—RES JUDICATA—PARTIES.

In 1878 an owner of certain lots, which he had previously mortgaged, filed his petition in bankruptcy. The lots in question were included in his schedules, and assigned by the registrar to the assignee. Subsequently the premises were sold in proceedings to foreclose the mortgage, and purchased by the wife of the bankrupt,

under an agreement with the mortgagee that she might have the title by paying the actual expenses of the foreclosure. The mortgagee afterwards sued to set aside the foreclosure proceedings, and the bankrupt and the assignee in bankruptcy were made parties defendant. Judgment was rendered therein sustaining the validity of the proceedings. *Held,* that such judgment was binding on the assignee, and a bar to an action by a subsequent purchaser from him to recover the premises, as against one claiming under the wife of the mortgagee.

**2. EJECTMENT—EVIDENCE—JUDGMENT.**

A defendant in ejectment, who claims under a mortgage foreclosure, need not plead a judgment in an action to which plaintiff's grantor was a party, by which the foreclosure was adjudged valid, but may prove it under a plea alleging title in himself, as evidence of a fact in issue.

**3. MORTGAGES—FORECLOSURE—PARTIES—ASSIGNEE IN BANKRUPTCY.**

An assignee in bankruptcy, to whom land subject to a mortgage has been assigned, is a necessary party to proceedings to foreclose the mortgage.

Appeal from special term, Queens county.

Ejectment by Russell W. Ostrander against William H. Secor, Joseph Hart, as executor, etc., of Sarah Hart, deceased, and Isaac Prince. Judgment for defendants. Plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*William Settle,* for appellant. *James B. Lockwood,* for respondents.

BARNARD, P. J. The plaintiff established by the evidence given in his behalf that one Joseph Hart, on the 6th of July, 1878, was the owner of certain lots in Queens county. On that day Hart filed his petition of bankruptcy. The lots in question were included in the schedules filed in the bankruptcy proceedings. An assignee was appointed under order of the court, and the registrar in bankruptcy assigned the lots to the assignee. The assignee sold the same to the plaintiff. The deed from Post to Ostrander was executed April 30, 1887, but it conveyed the interest which Hart had had on the 6th of July, 1878. The defendants were in possession of the property, and refused to deliver the same to the plaintiff. The plaintiff made out a plain case for a receiver in ejectment. The defendants' evidence, however, discloses and establishes that the bankrupt, Joseph Hart, with Sarah, his wife, executed and delivered to James C. Saunders a mortgage on the same property on the 17th of August, 1876, which was duly recorded in Queens county in November, 1876. This mortgage was foreclosed by advertisement, and sold on the 20th of June, 1879, and was purchased at the sale by Sarah Hart, wife of Joseph Hart. This mortgage was given for $7,000, and the amount claimed on the mortgage was $8,020, on the 12th of March, 1879. The proper affidavits were made upon this sale to vest the mortgage title in Sarah Hart. Her bid was $3,000. If the foreclosure sale was valid, Sarah Hart acquired a title, and she died without parting with it. Her executor sold her interest to the defendant Price, who now owns her rights. The defendant thus makes a perfectly plain title and right to the possession. Saunders is, however, produced, and he testifies that the $7,000 mortgage was paid at the time of the sale. The sale was made under an agreement between Saunders and Mrs. Hart that she should have the title for the actual expenses of foreclosure, thus supporting the evidence of Saunders in the payment of the mortgage. The evidence then establishes that subsequently Saunders commenced an action to set aside the foreclosure proceedings on the ground that the mortgage had not been paid. The bankrupt, Hart, and the assignee in bankruptcy, Post, were parties defendant. The case was tried, and resulted in a judgment, which presents the only point in the case on this appeal. The court found that on the faith of the agreement between Saunders and Mrs. Hart she advanced moneys to her husband, upon the assurance that she should receive a title by foreclosure. The court found that Mrs. Saunders acquired rights under the sale which her estate was entitled to hold. The decree adjudged the sale good upon the foreclosure by advertisement. Whether right or wrong, the decree is the law of the case, for the judgment has never been set aside.

The objection that the assignee in bankruptcy could not be made a party defendant is not good. He made no objection to it. His right was subject to the right of the mortgage, if the mortgage was not paid. In such a case as this, the court of appeals held that he is a necessary party to a foreclosure when his title is subject to a prior mortgage. *Winslow* v. *Clark*, 47 N. Y. 261.

It was not necessary to plead the judgment. The issue was as to the title. The plaintiff averred title in himself. The defendants denied it, and set up title in themselves. The evidence of the title would be improper pleading. Title by judgment is as valid as title by deed. The defendants could show title by judgment, and this was done, not only by judgment, but by a judgment which bound the plaintiff, and those who claimed under him. A judgment as evidence of a fact in issue was competent, although not pleaded like any other evidence, documentary or oral. *Krekeler* v. *Ritter*, 62 N. Y. 372. The judgment roll was received without objection. The judgment should therefore be affirmed, with costs.