GEORGE STEVENS *vs.* MECHANICS' SAVINGS BANK.

Payment to a bankrupt, made after publication of notice of the warrant in bankruptcy under the U. S. St. 1867, *c.* 176, § 11, although made in good faith and without knowledge of the bankruptcy, is no protection against the bankrupt's assignee.

CONTRACT by the assignee in bankruptcy of Robert L. Hall, to recover $500 deposited by Hall with the defendants.

At the trial in the superior court, before *Wilkinson,* J., without a jury, the defendants contended that the court had no jurisdiction of the cause, and that the United States courts had exclusive jurisdiction of suits by assignees under the bankrupt act; but the court ruled otherwise.

It further appeared that Hall was duly adjudged a bankrupt by the United States district court for the district of Massachusetts upon his own petition; that the warrant in bankruptcy was issued October 9, 1867; that notice of the bankruptcy proceedings was published on the 12th, 14th and 15th of the same month in the newspapers; and that the plaintiff was duly chosen assignee on the 11th of the following November, and an assignment of Hall's property duly made to him on the same day.

It also appeared that Hall deposited the $500 in question with the defendants on October 3, 1867, and, on October 18, demanded his deposit; and that it was thereupon paid over to him by the defendants.

The presiding judge found that the deposit was paid over to Hall by the defendants in good faith on their part, and without any knowledge or suspicion of the proceedings in bankruptcy;

ordered judgment for the defendants, and reported the case for the determination of this court.

*G. Stevens, pro se.*

*D. S. Richardson,* for the defendants.

GRAY, J. That an assignee under the bankrupt laws of the United States might sue in his own name in the courts of this Commonwealth, to enforce the rights of property vested in him by the assignment in bankruptcy, was expressly adjudged in *Ward* v. *Jenkins,* 10 Met. 583; and the objection, made at the trial, that the courts of the United States had exclusive jurisdiction of such an action, was waived at the argument.

The notice that a warrant in bankruptcy had been issued, and that the payment of any debts to the bankrupt was forbidden by law, having been published as required by the act of congress of 1867, *c.* 176, § 11, and the warrant issued under it, was binding upon all persons, whether they had or had not actual knowledge thereof; and the subsequent payment by the defendants to the bankrupt did not discharge the debt, and affords them no greater protection than if it had been made to any other person not authorized to receive it, as against the assignee in bankruptcy, whose title under the assignment of a later date related back to the commencement of the proceedings in bankruptcy. U. S. St. 1867, *c.* 176, §§ 11, 14.* *Butler* v. *Mullen,* 100 Mass. 453. *Judgment for the plaintiff.*

---

* Section 11 of the bankrupt act, U. S. St. of 1867, *c.* 176, provides that, on a petition to obtain the benefit of the act, the judge of the United States district court or a register shall "issue a warrant, to be signed by such judge or register, directed to the marshal of said district, authorizing him forthwith, as messenger, to publish notices in such newspapers as the warrant specifies; to serve written or printed notice, by mail or personally, on all creditors upon the schedule filed with the debtor's petition, or whose names may be given to him, in addition, by the debtor, and to give such personal or other notice to any persons concerned as the warrant specifies, which notice shall state: First. That a warrant in bankruptcy has been issued against the estate of the debtor. Second. That the payment of any debts and the delivery of any property belonging to such debtor to him or for his use, and the transfer of any property by him, are forbidden by law."

Section 14 provides that the assignment to the assignee shall relate back to the commencement of the proceedings in bankruptcy.