WILLIAM A. GILBERT and others, assignees &c., *vs.* HIRAM PRIEST and others.

State courts have jurisdiction of actions prosecuted by assignees, appointed under the United States bankrupt act, to set aside conveyances made by the bankrupt when insolvent, and within four months before the filing of the petition in bankruptcy against him, with a view to give a preference to one of his creditors, who had reasonable cause to believe such bankrupt was insolvent and that the conveyance was made in fraud of the provisions of that act; although the cause of action is one created by the act of congress.

THIS action was tried at the Jefferson special term in November, 1871, and was prosecuted by the assignee in bankruptcy of Melancthon Inman, to set aside a conveyance executed by Inman when insolvent and within four months before the filing of the petition of bankruptcy against him, with a view to give a preference to one of his creditors, having reasonable cause to believe he was insolvent, and that such conveyance was made in fraud of the provisions of the United States bankrupt act.

It was insisted, on the trial, that the State courts had no jurisdiction of the action, for reasons stated in the opinion.

*A. J. Brown*, for the plaintiffs.

*W. C. Thompson*, for the defendants.

DOOLITTLE, J.   This action is prosecuted by the assignee in bankruptcy of Melancthon Inman, to set aside a deed of certain premises, situate in the county of Jefferson, where Inman resided, executed by the said Inman and his wife to the defendant Hiram Priest, one month before Inman was adjudicated a bankrupt, on the ground that the deed was void, under and by virtue of section 35 of the bankrupt law.

The alleged right of action is one created by that law, and it is objected that this court has no jurisdiction of the action.   The allegation is that the federal courts have *exclusive* jurisdiction of such cases by virtue of article 3, sections 1 and 2 of the constitution of the United States, and the act of congress, entitled " An act to establish a uniform system of bankruptcy throughout the United States."

It is well settled that sections 1 and 2 of article 3 of the constitution of the United States do not, *proprio vigore*, give to the federal courts *exclusive* jurisdiction of all cases to which the judicial power of the United States is thereby extended.   (*Delafield* v. *The State of Illinois*, 2 *Hill*, 159, 162–171; *affirmed*, 26 *Wend.* 209.   *Teall* v. *Felton*, 1 *Comst.* 537, 545.   *Dudley* v. *Mayhew*, 3 *id.* 18.   1 *Kent's Com.* 395, &c.)

The courts of this State have jurisdiction of questions arising between persons within their territorial jurisdiction, whether they arise under the laws of any other State or any foreign nation.

If they arise under the laws of the United States, they

have the same jurisdiction, unless deprived of it by some competent authority. The fact that the federal courts may have jurisdiction of the same question does not deprive the State courts of jurisdiction. The federal and State courts may, and do have concurrent jurisdiction of various questions.

When, however, the right of action is created by an act of congress, it being a matter within the powers conferred upon the federal government, congress may prescribe, in the exercise of its rightful powers, the manner and the tribunal in which alone that right may be enforced. (*Teall* v. *Felton*, 1 *Comst.* 545.)

Congress may confer exclusive jurisdiction in these cases upon the federal courts; but, when it does not prescribe the tribunal in which alone they are to be prosecuted, the federal and State courts have concurrent jurisdiction over them. The patent laws of the United States have been determined by the court of last resort in this State, to confer exclusive jurisdiction upon the federal courts over certain controversies arising under those laws. They are cases where the cause of action is created by those laws, and the remedy is prescribed therein to be by action in the federal courts, and these courts are authorized to grant relief, which it is not in the power of the State courts to grant. (*Teall* v. *Felton*, 1 *Comst.* 537, 543, &c. *Dudley* v. *Mayhew*, 3 *id.* 9, 18. 2 *Kent's Com.* 368, *and note. Parsons* v. *Barnard*, 7 *John.* 144. *Gibson* v. *Woodworth*, 8 *Paige*, 132. *Burrall* v. *Jewett*, 2 *id.* 134, 145. *Rich* v. *Atwater*, 16 *Conn.* 409. *Middlebrook* v. *Broadbent*, 47 *N. Y.* 443.) Congress may, in terms, confer jurisdiction on federal courts of certain actions, and not design to, or in fact, confer on them *exclusive* jurisdiction. When congress has the power to confer exclusive jurisdiction on the federal courts, the question is, whether the act in question, fairly construed, in fact confers it on them. In the case of *Teall* v. *Felton*, before cited, the court, at page 545, say, in cases

where the law of the United States prescribes the remedy, and there is no *exclusive* grant of jurisdiction to the federal courts, and the State courts are so organized as to afford redress, it may be obtained in them.

The federal and State courts were held to have concurrent jurisdiction of causes of action created by, and arising under, the bankrupt act of 1841, although that act, in express terms, conferred jurisdiction of the same causes on federal courts. The circuit and district courts have only such jurisdiction as congress confers upon them. (*U. S. Const., art.* 3, § 1; *art.* 1, § 8, *subd.* 9. 1 *Kent's Com.* 364, *and note a.*) They would not have concurrent jurisdiction with the State courts of actions like this, unless congress conferred that jurisdiction on them.

The bankrupt act constitutes the district courts of the United States courts in bankruptcy, and prescribes the manner in which the proceedings are to be prosecuted therein to adjudicate the bankruptcy and distribute the bankrupt's estate, and confers on them certain powers that no other courts possess.

That proceeding is designed to affect claims and rights held by persons residing in any part of the United States, in and outside of the territorial jurisdiction of the courts of any particular State, and the proceedings are such as no State court is adapted or authorized to entertain and perfect. Of these proceedings courts in bankruptcy have exclusive jurisdiction, but of actions of law or in equity, springing out of that law, no *exclusive* jurisdiction is, in terms or by implication, conferred on that court. The general doctrine is stated by Chancellor *Kent* in his *Commentaries,* in these words: "State courts may, in the exercise of their original and rightful jurisdiction, incidentally take cognizance of cases arising under the constitution, the laws and the treaties of the United States. Congress may deprive the State courts of that jurisdiction in every case in which the subject matter can constitutionally be

made cognizable in the federal courts, *and without an express provision to the contrary*, the State courts will retain a concurrent jurisdiction in all cases where they had jurisdiction originally over the subject matter." (1. *Kent's Com.* 397, 400.) These views seem to be in accordance with those of the framers of the federal constitution.

Alexander Hamilton, in discussing the provisions of that instrument in relation to the judicial department, in the eighty-second number of the *Federalist*, while its adoption by the people of the States was under consideration, stated : "I hold the State courts will be divested of no part of their primitive jurisdiction further than may relate to an appeal, and I am even of an opinion that *in every case* in which they are not excluded by the future acts of the national legislature, they will of course take cognizance *of the causes to which those acts give birth.* This I infer from the nature of judicial power, and from the general genius of the system. The judiciary power of every government looks beyond its own local and municipal laws, and in civic cases lays hold of all the subjects of legislation between parties within its jurisdiction, though the causes of dispute are relative to the laws of the most distant part of the globe.

The inference seems to be conclusive, that the State courts would have a concurrent jurisdiction in all cases arising under the laws of the Union, when it was not expressly prohibited."

The action of congress, in which were many of the framers of the constitution, in the adoption of the judiciary act of 1798, was based upon this construction of the constitution and its own powers.

The constitution, and laws of the United States made in pursuance thereof, and all treaties made under the authority of the United States, are the supreme law of the land, and judges, in every State, are bound thereby. (*Const. of the United States, art.* 4, *subd.* 2.)

If the law of congress gives a right of action to any person, the State courts are bound by it as much as they would be if it was given by an act of the State legislature. If they should decide against the validity of the act of congress, there is an appeal from their decision to the Supreme Court of the United States.

When the possessor of that right of action comes into a state court to enforce it, the fact that he derived it from an act of congress is no answer to its enforcement. The question is, has he a right of action; and if it is conferred by an act of congress, the State judges are bound to declare the existence of the right, and enforce it. State courts, from a very early period, have taken cognizance of such cases as this, and at different times the question, whether they had jurisdiction, has been raised, and their jurisdiction sustained. (*Ogden and others, assignees in bankruptcy &c.*, v. *Jackson*, 1 *John.* 370. *McMenomy and others, assignees in bankruptcy*, v. *Ferrers*, 3 *id.* 72. *Phœnix* v. *Day and others, assignees &c. of Ingraham*, 5 *id.* 412. *Winslow, assignee in bankruptcy*, v. *Clark*, 2 *Lans.* 377. *Holbrooke, assignee &c.*, v. *The Third National Bank of Buffalo*, 3d vol. *Albany Law Jour.* 290. *Ward, assignee &c.*, v. *Jenkins and others*, 10 *Metc.* 583. *Wood* v. *Mann, Law Reporter* 1847. *Stevens, assignee*, v. *Mechanics' Savings Bank*, 101 *Mass.* 109. 1 *Comst.* 543.) In the case of *Ward, assignee &c.*, v. *Jenkins and others*, (10 *Metc.* 583,) arising under the act of 1841, this question was raised and considered by the court. The court say:

"The result to which we come is, that the State courts have jurisdiction in cases like the present. That no exclusive jurisdiction in suits concerning the property of the bankrupt attaches to the courts of the United States, *in consequence of the rights of the assignee being acquired wholly under a law of the United States,* nor is created by any provisions of the act itself limiting and restraining suits by

assignees, and requiring them to be instituted exclusively in the courts of the United States."

The case of *Stevens and others, assignees &c.,* v. *Mechanics' Savings Bank,* (101 *Mass.* 109,) was an action to enforce a right created by the present bankrupt act. The court held this action could be maintained in the State courts, and approved *Ward* v. *Jenkins.*

There is nothing in the bankrupt act of 1867 which looks to the exclusion of State jurisdiction over those cases which was not contained in the act of 1841. (*See* §§ 6 *and* 8 *of that act.*)

Section 8 of the act of 1841 gave the circuit and district courts of the United States concurrent jurisdiction of all suits at law and in equity, which may and shall be brought by any assignee of the bankrupt, against any person or persons claiming any adverse interest, or by such person against such assignee touching any property, or right of property of said bankrupt, transferable to, or vested in, such assignee. Sections 1 and 2 of the act of 1867 confer the same jurisdiction upon the same courts in almost the same terms. They do not purport to confer exclusive jurisdiction. Section 1 of the act of 1867 constituted the district courts of the United States courts in bankruptcy, and granted them jurisdiction, in their respective districts, in all matters and proceedings in bankruptcy.

It gives these courts of bankruptcy certain powers which neither the State nor Federal courts possessed before.

Section 6 of the act of 1841 conferred substantially the same jurisdiction on the district courts.

In determining the question whether the bankrupt act confers exclusive jurisdiction, in the cases in question, upon the district court, it should be recollected that the district and circuit courts have no jurisdiction except such as is conferred upon them by congress. The fact that congress confers jurisdiction upon them, neither confers, nor is any evidence congress intended to clothe them

with, exclusive jurisdiction. It is as consistent with an intent to confer concurrent jurisdiction with State courts, as with an intent to confer exclusive jurisdiction. In the judiciary act of 1789 congress, when it intended to confer exclusive jurisdiction, said so in express terms. It acted on the theory that these federal courts had no exclusive jurisdiction unless congress conferred it. That jurisdiction may be conferred by express terms, or by necessary implication.

The first section of the bankrupt act, from which the district court derives its jurisdiction in these cases, does not, in terms, confer *exclusive* jurisdiction. It confers jurisdiction, and that is all.

It is quite evident the idea of *exclusive* jurisdiction in the district court was not entertained by congress, from the fact that in the very next section it confers concurrent jurisdiction on the circuit court.

Justice Bronson, in *Delafield* v. *State of Illinois*, (2 *Hill*, 165,) said: "There is, I think, no instance in the whole history of the law where the mere grant of jurisdiction to a particular court, without any words of exclusion, has been held to oust any other court of the powers which it before possessed."

State courts have always possessed jurisdiction over actions at law and in equity, prosecuted by trustees, whether appointed by courts or individuals, to recover property vested in them.

All the property and rights of action of the bankrupt, by operation of the bankrupt act, are transferred to, and vested in, the assignee in bankruptcy, (§ 14;) and by section 16 it is provided, " that the assignee shall have the like remedy to recover all said estate, (the bankrupt's,) debts and effects, in his own name, *as the debtor might have had if the decree in bankruptcy had not been rendered* and no assignment had been made."

Gilbert *v.* Priest.

This section not only gives the assignee *the like remedy* to recover the estate, debts and effects of the bankrupt, which he would have had if no bankruptcy proceedings had been instituted; but apparently assuming the jurisdiction of the State courts to entertain actions prosecuted by the assignee, it seeks to compel the State courts to allow the assignee to prosecute, in his own name, therein actions commenced by the bankrupt before the proceedings in bankruptcy were instituted. It provides, "the assignee shall, if he requires it, be permitted to prosecute the action in his own name, in like manner and with like effect *as if it had been originally commenced by him,*" &c.

Section 35 provides that certain sales, payments, transfers and conveyances by the bankrupt, in fraud of the bankrupt act, shall be void, and the assignee may recover the property or the value of it from the person receiving it.

The assignee is thus clothed with all the property, rights of property, and rights of action of the bankrupt, and with the like remedy to recover the same in his own name, that the bankrupt would have had in case no proceedings in bankruptcy had been commenced, and the right to recover property, or the value of it, transferred by the bankrupt contrary to, or in fraud of, the provisions of this act.

It is difficult to see why he has not as good a right to prosecute an action in the courts of this State, to recover his property, that any man has, who has acquired his property under or by virtue of the laws of any one of the United States, or of any foreign country.

The existence of the right to prosecute such actions in the State courts does not impair his efficiency as an assignee, or his power to protect the estate of the bankrupt, but may very materially add to them.

In the notes to section 1 of the bankrupt act in *Bump's Law and Practice of Bankruptcy*, it is stated: "An assignee under the bankrupt law of the United States may sue in

his own name, in the State courts, to enforce the right of property vested in him by the assignment in bankruptcy, and the courts of the United States have not *exclusive* jurisdiction of such actions"—citing 101 *Mass.* 109; *S. C.*, 5 *B. R.* 252; *S. C.*, 18 *Pitts, L. J.* 275; *S. C.*, 28 *Leg. Int.* 148; *Boone* v. *Hale*, 4 *A. L. J.* [*S. R.*] 166; 7 *Bush.* 66; 2 *B. R.* 466; 6 *id.* 207. And at page 185 of that treatise, the author, in stating the jurisdiction of district courts over suits at law, in matters relating to bankruptcy, in all cases where such actions constitute the appropriate form of remedy, continues: " Nothing is more common than to find an assignee bringing a suit in the court of bankruptcy against a party who lives in the same district with himself. The State courts have jurisdiction over such suits, without reference to the district where the proceedings in bankruptcy are pending."

The State courts always have exercised jurisdiction over actions between parties within their territorial jurisdiction, to enforce rights which they possess under the laws of the United States, other States, or of foreign powers, except in cases where exclusive jurisdiction has been conferred upon the federal courts in express terms or by necessary implication.

It has been a disputed question whether the congress of the United States could confer *exclusive* jurisdition on the federal courts, except in cases where the right of action was created by the act of congress. It may be regarded, however, as clear, that the State courts have jurisdiction in all these cases, unless congress has conferred exclusive jurisdiction on some other tribunal.

The case of *Dudley* v. *Mayhew*, (3 *Comst.* 9,) cited, is not an authority to show that the provisions of the bankrupt act confer exclusive jurisdiction over such cases as this, upon the federal courts.

That was a case arising out of the patent laws, which,

as above shown, confer, by necessary implication, exclusive jurisdiction on the federal courts. No such implication arises out of the bankrupt law.

My opinion is, this court has jurisdiction of this action.

[JEFFERSON SPECIAL TERM, November 21, 1871. *Doolittle,* Justice.]