## Case No. 5,455.

### GINDRAT et al. v. DANE et al.

[4 Cliff. 260.] [1]

Circuit Court, D. Massachusetts. May Term, 1874.

JURISDICTION IN EQUITY — FRAUD — LEGAL DEMANDS — SUIT BY ASSIGNEE IN BANKRUPTCY AGAINST CITIZEN OF ANOTHER STATE — DEMURRER.

1. Courts of equity have jurisdiction of fraud, misrepresentation, and fraudulent suppression of material facts, in matters of contract.

2. But where the cause of action is a purely legal demand, and the defence at law may be set up as complete as in equity, a suit in equity will not be sustained. Such a case is controlled by section 16 of the judiciary act [1 Stat. 82].

3. The circuit court has jurisdiction of a suit in equity, brought by the assignee of a bankrupt in one state, against citizens of another state, to recover for a debt due the bankrupt estate.

4. It is true that no jurisdiction in such a case is conferred, in the late bankrupt act [of 1857 (14 Stat. 517)], on the circuit court, as it is on the district court. The jurisdiction of the circuit court is conferred by the judiciary act.

5. Matters of fact were alleged in the bill, in this case, that would entitle the complainants to relief, and in such a case a demurrer is not a good defence; but under all the circumstances the court allowed the respondents to file an answer on the merits.

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[This was a bill in equity by James A. Gindrat and others against Francis Dane and others.]

By the bill it appears that the complainants are the assignees in bankruptcy of the Alabama and Chattanooga Railroad Company, duly appointed as such by the district court for the middle district of Alabama, in which court the corporation was previously adjudged bankrupt. They, the assignees, brought this suit against the present respondents and others, all of whom, except Robert Treat Paine, Jr., were directors of the bankrupt corporation. Sufficient is alleged in the bill to show that the complainants are citizens of the state of Alabama, and all of the present respondents are citizens of the state of Massachusetts, and that all the estate, real and personal, of the bankrupt corporation was duly assigned and conveyed to the assignees, including all the property, of whatever kind, of which the corporation was possessed, or in which it was interested, and that the complainants as such assignees were empowered to claim all the assets, property, and effects of the bankrupts, and were invested with all the rights, privileges, and duties conferred in such case by the bankrupt act. Pursuant to those powers, they complain and charge that all of the present respondents, except Paine, were directors of the corporation, and that as such it was their duty to receive and manage its property and moneys, to disburse and pay the same, and duly to account therefor according to law, and when they ceased to hold such offices, to pay over and deliver to the corporation, or their successors in office, all the property, money, and other assets of the company, which they held or had control of, appropriating nothing to their own use. That the corporation was subsequently consolidated with two other corporations therein named, and by the law of the state and the contract of consolidation became entitled to all the assets, property, and effects of the other two companies, and the corporation as enlarged issued mortgage bonds to the amount of $4,700,000, and that the respondent directors were bound by law to use the same in the construction and equipment of the railroad; and they charge that the respondent directors did not use such bonds or the proceeds thereof in the ways and for the purposes provided by law; that they misused the same to a large amount, and expended the same in an illegal and improper manner and for illegal and improper purposes; and that instead of discharging their trust and duty as officers of the company with fidelity, and as they were bound to do, they violated and abused the same; that they, as such officers, conspired together, and with the said Robert Treat Paine, Jr., the solicitor and counsel of the company, employed by them, and confederated for the purpose of injuring the corporation and serving themselves individually instead of the corporation which they were bound to serve and protect; that among other illegal,

improper, and unauthorized expenditures and payments, they combined together and paid and divided among themselves, and for their joint and individual benefit alone, the sum of $160,000, each of them receiving and appropriating to his own use the sum of $20,000 in the said division; that $15,000 was paid to the said Paine over and above his pay for services as counsel, for all which he had been paid, amounting to the sum of $14,000. Other frauds and wrongs, and other misdoings and misappropriation of moneys and property by the respondents were also charged in the bill of complaint, to which it will be sufficient to refer without attempting to reproduce the several allegations. Demurrers were filed by Dane, Robinson, Burr, and Demeritt, and Paine filed a separate demurrer. Defences of several kinds are set up in argument to show that the demurrers should be sustained. That the proper forum for such a controversy is a court of law; that the allegations of the bill of complaint do not disclose any cause of action within the jurisdiction of a court of equity.

A. A. Ranney, for complainants.
G. O. Shattuck and O. W. Holmes, Jr., for respondents.

CLIFFORD, Circuit Justice. Demurrers are either general or special, depending upon the nature and form of the pleading. They are called "general demurrers" when no particular cause is shown except the usual formula that there is no equity in the bill of complaint. When the particular defects or objections to the pleading are pointed out, the demurrer is called a "special demurrer." Where the objection is to the substance of the allegation, the former will be sufficient; but the latter is indispensable where the objection is to the defects of the bill in point of form. Whether general or special, a demurrer is not a good defence to a bill in equity, unless the objections are apparent on the face of the bill itself, either from matter inserted or omitted therein, or from defects in the frame or form of the pleading. Matters of fact which are relevant and well pleaded are necessarily admitted by a demurrer: but a demurrer, whether general or special, does not admit conclusions of law drawn from the facts set forth, even though such conclusions of law are also alleged in the bill of complaint.

Courts of equity unquestionably have jurisdiction of fraud, misrepresentation, and fraudulent suppression of material facts in matters of contract; but where the cause of action is a purely legal demand, and nothing appears to show that the defence at law may not be as perfect and complete as in equity, a suit in equity will not be sustained, as it is clear that the case, under such circumstances, is controlled by § 16 of the judiciary act. Insurance Co. v. Bailey, 13 Wall. [80 U. S.] 623; Hipp v. Babin, 19 How. [60 U. S.] 271. Flagrant

breach of trust is charged in the bill, and that the respondents conspired and confederated together for the purpose of injuring the corporation, and that they, for illegal and improper purposes, divided among themselves $160,000 of the money of the corporation, which it was the duty of the directors to expend and pay out for the construction and equipment of the railroad; and the complainants pray for an account, and that the respondents may be decreed to pay over to them, as such assignees, what may be found to be due to them as such assignees. Much discussion of the first defence is unnecessary, as it is plain that a suit at law would not be as perfect and complete as a suit in equity, which is the true criterion to be applied in determining the force and effect of such a defence. Hill v. Lane, L. R. 11 Eq. Cas. 220. That the action is brought in the wrong court. That the plaintiffs should have commenced their action in the district court, as the proper auxiliary court to collect the assets of a bankrupt due from persons residing in another district. Doubtless the district court would have had jurisdiction of the case under the bankrupt act, but that admission does not show that the circuit courts are devested of jurisdiction in any such case where the suit is between a citizen of the state where the suit is brought and a citizen of another state. Sewing Machine Co. v. Sewing Machine Cos., 18 Wall. [85 U. S.] 573. Jurisdiction of the district court in such a case is derived from the bankrupt act, and it is true that the bankrupt act does not confer jurisdiction in such a case upon the circuit courts. Sherman v. Bingham [Case No. 12,762]. Hence it is safe to conclude that the circuit courts have no jurisdiction in such a case, unless the suit is between citizens of the state where the suit is brought and a citizen or citizens of another state. But the bankrupt act provides that the assignee shall have the like remedy, to recover all said estate debts and effects in his own name, as the debtor might have had if the decree in bankruptcy had not been rendered and no assignment had been made. 14 Stat. 524. Viewed in the light of that provision, it is certain that the assignee is the proper party to institute such a suit, and, inasmuch as the suit is between citizens of different states, in exact conformity to section 11 of the judiciary act. We are of the opinion that the second objection must also be overruled. 1 Stat. 78; Stevens v. Savings Bank, 101 Mass. 109; Cook v. Whipple, 55 N. Y. 150; Fletcher v. Morey [Case No. 4,864]. That the respondents might do what it is alleged they did do, as there is no allegation of fraud, or that any persons have been misled or injured by their acts, and that the complainants do not show any ground for equitable relief. Enough has already been remarked to show that the first branch of the proposition is repugnant to the allegations of the bill of complaint, and that it must be overruled upon that ground. Equity will afford relief in such a

case, if the facts alleged are fully proved, as appears from the following authorities: 1 Daniel, Ch. (3d Am. Ed.) 576; Gould v. Gould [Case No. 5,637]. Matters of fact are certainly alleged in the bill, which, if fully proved, would entitle the complainants to relief, and in such a case a demurrer is not a good defence; but, in view of all the circumstances, the court will allow the respondents leave to file an answer to the merits. Decree for the complainants in conformity to the opinion.