(Decided 19th June, 1874.)

---

JAMES W. JORDAN, Assignee in Bankruptcy of ISAAC LAMBERD *vs.* JOHN DOWNEY.

*Bankruptcy—Right of Assignee to sue in State Courts—Jurisdiction of United States Courts—Effect of overruling Demurrer upon a question of Jurisdiction. Fraudulent preferences under Sec. 35, of the Bankrupt Act; Secs. 39 and 35 to be Construed together.*

The assignee of a bankrupt may sue in a State Court for the enforcement of any right vested in him by the Bankrupt Act.

The State Court in passing upon claims of assignees in bankruptcy is not proceeding under the Bankrupt Act; but simply recognizes that Act, as the source of the assignee's title in the same manner as it would if he derived his title from a deed or contract.

The Courts of the United States, have no jurisdiction over a judgment in a State Court, or over a fund in its custody.

There is no proceeding, by which, an assignee in bankruptcy can obtain possession of a fund in a State Court, derived from the execution of a fraudulent judgment except by filing a petition in that Court.

A petition was filed in a State Court by the assignee of a bankrupt, to obtain possession of a fund derived from an executor, upon a judgment claimed to to be fraudulent under the Bankrupt Act. A demurrer was filed by the judgment creditor, which was overruled. HELD:

26　　　　　　　v. 40

That the object of the demurrer was merely to raise the question of jurisdiction, and being overruled the party demurring was entitled to file an answer, and to be heard upon the merits.

In order to affect a confession of judgment on a debt with fraud under the 35th sec. of the Bankrupt Act, it must have been rendered within *four months* before the filing of the petition in bankruptcy, and it must appear, that the debtor was at the time insolvent or in contemplation of insolvency, that the judgment was confessed with a view to give a preference to the judgment creditor, and that the latter knew or had reason to believe, that the transaction was in fraud of the statute.

The proceedings by an assignee authorized by the 39th section of the Bankrupt Act must depend upon his right and the 35th section.

The words in the 39th section, "if such person shall be adjudged a bankrupt, the assignee may recover back the money or other property so paid, sold, assigned or transferred contrary to this Act," must be construed so as to be consistent with the 35th section, namely, "provided the petition be filed *within four months*, in case of a preference to a creditor, or within six months in case of a transfer to a stranger."

APPEAL from the Baltimore City Court.

On the 27th of February, 1873, John Downey brought suit in the Baltimore City Court, against Isaac Lamberd on two promissory notes, each for the sum of $450.00, dated February 1st, 1871, and payable respectively, eight and twelve months after date, with interest, and drawn by the defendant in favor of the plaintiff. On the same day judgment was rendered by confession in favor of the plaintiff for $1010.00, with interest from the 24th of February, 1873, and costs. On the 16th of July, 1873, a *fi. fa.* was issued upon this judgment, and upon the 8th of September, following, the sheriff made return of a levy and sale made by him and of his application of the proceeds of sale to the payment of costs and expenses, leaving a net balance in his hands of $797.83, which he was ready to bring into Court. Subsequent to this return a petition was filed by James W. Jordan, as assignee in bankruptcy of Lamberd, which was afterwards dismissed and a new petition filed by him.

The plaintiff demurred to this latter petition, and after argument the Court below, (Brown, J.,) overruled the demurrer, and delivered the following opinion, in which the substance of the petition is set forth:  .

"In this case a petition has been filed by James Jordan, alleging that the defendant was adjudicated a bankrupt on his own petition on the 29th of July last; that the plaintiff had previously, on the 27th of February last, obtained a judgment in this Court against said defendant by his own confession, for the sum of $1010, and costs ; that upon a writ of *fieri facias* issued thereon, there was realized from sales of the personal property of the defendant, the sum of $797.83, which, in conformity with the requisition of the writ, and an order of this Court, has been paid by the sheriff into this Court ; that petitioner is the assignee in bankruptcy of said defendant, that said judgment was a fraud on the Bankrupt Act, because it was confessed at a time when the defendant was unable in the ordinary course of his business to pay his debts, and was hopelessly bankrupt, and that the plaintiff knew said facts, and that said confession of judgment was made in contemplation of bankruptcy, and with a view to prefer the said defendant over his other creditors, and inasmuch as the said judgment is a nullity under the provisions of the Bankrupt Act, the petitioner prays that an order be passed directing the said sum of money to be paid to him.

"To this petition the plaintiff has demurred, thereby admitting the facts stated therein.

"The writ of *fieri facias* does not command the sheriff to pay over to the plaintiff the money which he levies, but to bring it into Court, that it may be rendered to the plaintiff in satisfaction of damages. *Warmoll vs. Young,* 5 *Barn. & Cress.,* 667.

"Money in the hands of a sheriff cannot be taken by him in virtue of a *fieri facias* on a judgment against the person who is entitled to receive it, but, if the sheriff brings

the money into Court, he will be directed to pay it to the creditor whose execution is in his hands against the property of him for whom it was levied. *Harding vs. Stevenson*, 6 *H. & G.*, 267.

" A Court has the power in a summary way to adjust priorities among contending executions, and to dispose of money arising from sales thereon. *Williamson vs. Johnson*, 7 *Halstead*, 86. If then, this money has vested in the assignee in bankruptcy under the operation of the Bankrupt law, it would seem to be the duty of this Court to direct it to be paid to him instead of the plaintiff in the cause. But it is contended on the part of the plaintiff, that the money has vested in the assignee by reason of a forfeiture declared by the Bankrupt law, and that all such forfeitures should be enforced by appropriate proceedings in Courts of the United States, and that therefore this Court has no jurisdiction of the matter. It is not denied that the assignee as the representative of the bankrupt and of his creditors would have the right to collect by the aid of a State Court an ordinary debt, or any money due to the bankrupt, by virtue of the laws of the State or the principles of the common law, but it is insisted that because the judgment in this case is fraudulent and void by virtue of the provisions of the Bankrupt law, this Court by directing payment to the assignee, would be enforcing a forfeiture under that Act, which it has no right to do.

" In questions growing out of the Bankrupt law, as in other matters, it is no doubt often difficult to settle the true line of distinction between the jurisdiction of the Courts of the States, and those of the United States, but the manner in which the question is presented in this case, relieves it of all difficulty. This Court is not called on to institute proceedings to declare a forfeiture under that Act, but to pay over a fund actually in Court to the person lawfully entitled. The facts are admitted, and no proceedings are necessary to establish a forfeiture.

" It is conceded that the judgment is fraudulent and void under the provisions of the Bankrupt law. Section 35 of the Brankrupt law, provides, that where an improper preference has been given, the assignee in bankruptcy ' may recover the property or the value of it from the person receiving it or so benefited.' The provision is without doubt constitutional. But the Courts of the United States have no jurisdiction over a judgment in this Court, or over a fund in its custody. This being so, there is no proceeding by which the assignee can obtain possession of the fund, except by filing a petition in this Court, and there can be no valid objection to his doing do. It would be strange indeed, if the plaintiff should be held to be entitled to the fruits of a fraudulent judgment for the reason that it is fraudulent, and is therefore made void by the bankrupt law., The demurrer must therefore be ' overruled.' "

The plaintiff then answered the petition, making certain denials which are set forth in the opinion of this Court.

The case being heard upon the petition and answer, the Court below passed an order dismissing the petition and directing the money in Court, after deducting a claim for rent, to be paid to the plaintiff. The petitioner appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Harris J. Chilton,* for the appellant.

A fraudulent assignment, under six months, is *per se,* an act of bankruptcy under the 35th section of the Bankrupt Act, of March 2d, 1867. A confession of judgment is a transfer of property; if without a stay of execution it can be made available as a lien at any moment by an execution. Such a transfer under the six months' clause is about the same kind of preference as a confession of judgment under the four months' clause; or, in other words,

the two sections are about the same in meaning, and therefore any "transfer" or "gift" of a judgment under six months, with intent to give a preference, is void *per se.* It is the intention of the Bankrupt Act to strike at the root of all preferences obtained by a creditor when his debtor is insolvent. *Bump on Bankruptcy, and many cases cited on page* 592.

The intent is the main thing, even if the fraud and preference were after six months. It makes the intent to prefer or give an advantage to one creditor the important thing, and this may concur with pressure on the part of the creditor. (*Bump,* 542.)

The fact that Downey wanted a confession of judgment instead of an open suit, shows clearly that he wanted a preference. Where the bankrupt, being indebted to a creditor on promissory notes due and to become due, gave a promissory note, payable one day after date, with warrant to confess judgment, and judgment thereon was obtained in November, and execution levied on the bankrupt's goods, before proceedings in bankruptcy, instituted by other creditors in January following, it was held that this act of the bankrupt was an act of bankruptcy, and sought to give a preference. *Fitch, et al. vs. McGie, District of Wisconsin.*

The judgment creditor claims a preference by reason of execution and levy, but the Court says, "an insolvent debtor commits an act of bankruptcy when he gives any warrant to confess judgment, or procures or suffers his property to be taken on legal process." It does not name any time, in this opinion, making the intention and knowledge of the creditor the guide, even if over six months. *American Law Times Reports, May number, A. D.* 1869, *No.* 5.

The 35th and 39th sections of the Bankrupt Act make certain things done acts of bankruptcy *per se,* but from the spirit and intention of the law, acts of fraud, even after

the limitations as to time, are acts of bankruptcy. "When a creditor accepts a security he is conclusively presumed to know what appears on its face, and to have reasonable cause to believe it was intended to accomplish its ordinary and necessary effect." *In re, Lewis B. Graham vs. Assignee of Caroline A. Martin and E. B. Savage,* 3 *Bankrupt Register,* 93, *vol.* 1869—2 *Bissell,* 449.

The case of *Collins vs. Gray,* 8 *Blatchford,* 486, which is the strongest case in favor of the validity of assignments and judgments after four and six months, says "they are good if in all other respects the transfer is free from fraud or illegality."

Our next point is this. On the 20th November, 1873, we filed a petition and exhibits, which clearly bring to the notice of the State Court the bankruptcy proceedings officially. And after the demurrer was put in to our petition, the Court should have turned the money over to the assignee, but instead of making an order, the Court files an extended opinion overruling the demurrer, in which the Court says: "If then this money has vested in the assignee in bankruptcy under the operation of the Bankrupt law, it would seem to be the duty of this Court to direct it to be paid to him instead of the plaintiff."

Now because of this portion of the opinion filed, the judgment was a judgment on the merits of the case, and not simply a decision overruling the demurrer filed.

"A decision upon a demurrer which has clearly gone to the merits of the case, is an effectual bar to further litigation." *Bigelow on Estoppel,* 121.

"A judgment on general demurrer to the declaration is a judgment on the merits and is conclusive in a subsequent suit on the same cause of action." *Perkins vs. Moore,* 16 *Alabama,* 17.

"A general demurrer to a plea confesses all facts stated in the plea, provided such facts be well pleaded." *Wash. and Balt. Turnpike Co. vs. State of Maryland,* 19 *Md.,* 239

"Where the issue upon general demurrer definitely settles the law of the case against the plaintiff, the issues in fact are not to be tried." *Thompson vs. State, use of Admr. of Ford,* 4 *Gill,* 163.

It is said, that equity law would govern this case, because there was a petition and answer filed, and if this is true, *Barroll's Chancery Practice, page* 114, says : "The right to plead over, where the demurrer is overruled, without withdrawing it, only applies to cases at common law." "Where a case comes before the Court on demurrer, all the averments of the bill are to be considered as true." 2 *Md.,* 174 ; 4 *Md.,* 172.

*O. F. Bump,* for the appellee.

The demurrer was interposed upon the ground that the Court had no jurisdiction to entertain the petition, for two reasons :

1st. The petition proceeds upon the ground that the plaintiff by the levy obtained a preference, which is void under the 35th section of the Bankrupt law. The provisions of that section are penal, and the State Courts have no jurisdiction to enforce them. *Vorhees vs. Frisbie,* 25 *Mich.,* 476 ; *Bingham vs. Clafflin,* 31 *Wis.,* 607 ; *Gilbert vs. Priest,* 65 *Barb.,* 444 ; *S. C.,* 14 *Abb. Pr.,* (*N. S.,*) 165 ; *Cook vs. Waters,* 9 *B. R.,* 155.

2nd. The assignee intervening in a court of law, must show a *legal title to the fund.* The money in Court never belonged to the bankrupt, and consequently he cannot claim it by mere succession to the debtor's rights. If he claims it by virtue of the 35th section of the Bankrupt law, he can only do so by alleging that the sheriff's sale is void. If that sale is void, the money becomes vested in the purchaser at that sale from whom the money came. Consequently the title will not then vest in him. *Lawrence vs. Bank,* 35 *N. G.* 320 ; *S. C.,* 3 *Robt.* 142 ; *Childs vs. Derrick,* 1 *Georgia,* 79 ; *Tubb vs. Williams,* 7 *Humph.,*

Jordan, Assignee, *vs.* Downey.

367 ; *Richards vs. Ewing,* 11 *Humph.,* 327 ; *Jones vs. Bryant,* 13 *N. H.,* 53 ; *Garbutt vs. Smith,* 40 *Barb.,* 22.

The statute only gives the assignee the right to recover " *the property, or the value of it from the person so receiving it,*" not the property, or the proceeds, or the value. The value can only be recovered in a direct action against the preferred creditor. Objections which go to the jurisdiction of the Court over the subject-matter of the suit may be raised at any stage of the proceedings. *Cutler vs. Rae,* 7 *How.,* 829 ; *Thompson vs. Morton,* 2 *Ohio St.,* 26.

Where a levy is declared void, the assignee is entitled to the whole of the proceeds without any deduction for expenses. *Street vs. Dawson,* 4 *B. R.* 208. No such judgment can be entered in this cause.

Where a case is brought to hearing on petition and answer, all the allegations of the answer must be taken to be true. *Warren vs. Twilley,* 10 *Md.,* 39.

In order to render a transfer void, the assignee must prove the following facts :

1st. That the debtor was insolvent. 2nd. That the transfer was made with a view to give a preference. 3rd. That the creditor had reasonable cause to believe the debtor to be insolvent; and, 4th. That the creditor also had reasonable cause to believe that the transfer was in fraud of the provisions of the Act. 5th. That the transfer was made within four months before the commencement of the proceedings in bankruptcy. *Toof vs. Martin,* 12 *Wall.,* 40 ; *Scammon vs. Cole,* 4 *B. R.,* 257 ; *Forbes vs. Howe,* 102 *Mass.,* 428. The answer denies nearly all these material facts. The transfer is valid if the creditor does not know that there are other creditors. *Wadsworth vs. Tyler,* 2 *B. R.,* 316.

A preference which has stood for four months is valid. *Gibson vs. Warden,* 14 *Wall.,* 244 ; *Holl vs. Deshler,* 71 *Penn.,* 299 ; *Hislop vs. Hoover,* 68 *N. C.,* 141 ; *Bean vs. Brookmire,* 1 *Dillon,* 151.

BARTOL, C. J., delivered the opinion of the Court.

We fully concur in the ruling of the City Court upon the demurrer, and in the reasoning upon which the learned Judge rested his decision. In support of these views, we may refer to the decision of the Court of Appeals of New York, in *Cook vs. Waters*, 9 *N. B. R.*, 155, as expressing the true ground upon which the rights of an assignee in Bankruptcy may be asserted by proceeding in a State Court.

It was there held that such assignee "may sue in a State Court for the enforcement of any right vested in him by the bankrupt Act, as for the recovery of property transferred in fraud of that Act within six months prior to the commencement of bankrupt proceedings. That the State Court in passing upon claims of assignees in bankruptcy, is not proceeding under the bankrupt Act; but simply recognizes that Act as the source of the assignee's title, in the same manner as it would, if he derived his title from a deed or contract."

That decision was contrary to the ruling of the Supreme Court of Wisconsin in *Bingham vs. Claflin,* 7 *N. B. R.*, 412, and that of the Supreme Court of Michigan in *Vorhees vs. Frisbie,* 8 *N. B. R.,* 152. But it is supported by *Ward vs. Jenkins,* 10 *Met.*, 583, a case under the former bankrupt Act; and by *Stevens vs. Mech. S. Bank,* 101 *Mass.*, 109; *Forbes vs. Howe,* 102 *Mass.,* 428; *Hastings vs. Fowler,* 2 *Carter,* 216; *Boone vs. Hall,* 7 *Bush.*, 66, *and Mays vs. Man. N. B.,* 64 *Pa.*, 74.

Both upon reason and authority, we think the decision of the Court below, was correct, and ought to be affirmed.

After the demurrer was overruled, the appellee was permitted to answer the petition, and to file an amended answer, and the cause was submitted upon petition and answer, without any proof being offered.

It is argued by the appellant's attorney, that the appellee having by the demurrer, admitted the facts alleged

Jordan, Assignee, *vs.* Downey.

in the petition, was thereby estopped, and that final judgment ought to have been entered for the petitioner; but the learned counsel is in error. The object of the demurrer was merely to raise the question of jurisdiction, and being overruled, the appellee was entitled to file an answer, and be heard upon the merits.

The petition alleges that one Isaac Lamberd was adjudicated a bankrupt on the 29th day of July, 1873, and the appellant was duly appointed assignee. That on the 27th day of February, 1873, the appellee obtained a judgment against Lamberd, by confession. That *fieri facias* had been issued thereon, the personal property of Lamberd had been seized and sold by the sheriff, and the sum of $797.83 realized from the sales; which was then in Court.

The petition charges that the judgment was a fraud upon the bankrupt Act, because it was confessed at a time when the defendant (Lamberd) was unable in the ordinary course of business to pay his debts, and was hopelessly bankrupt; and that the appellee knew these facts; and further that the confession of judgment was made in contemplation of bankruptcy, and the petitioner claims the fund in Court, realized under the execution, as properly payable to him as assignee.

The appellee in his answer states that the judgment was obtained on an indebtedness for that sum, due and owing to him from Lamberd; that the same was rendered *more than four months before the proceedings in bankruptcy were commenced.*

"He denies all charges of fraud in obtaining the judgment, denies that Lamberd was at the time the judgment was rendered or the levy made, either insolvent or bankrupt, within the respondent's knowledge; and further denies, that at either of those times he had reasonable cause to believe Lamberd to be insolvent, and avers that the judgment was not confessed in contemplation of bankruptcy, so far as the respondent has any knowledge; and

that the levy was not made with a view to obtain any pre-
ference over other creditors, for he did not know that there
were any other creditors, and that the judgment was not
confessed with any such view by the defendant, Lamberd.''

The answer is verified by oath, and no evidence was
produced to contradict it. It is difficult to see, on what
ground the appellant's claim can be maintained in the
face of the uncontradicted statements in the answer.

It is contended that the confession of judgment was a
fraudulent preference and void under the 35th section of
the bankrupt law.

That section contains two clauses the difference between
which, is very clearly defined by Mr. Justice Swayne in
*Gibson vs. Warden,* 14 *Wall.*, 244, 298, 299.

We quote from the head note.

''The two clauses of the 35th section differ mainly in
their application to two different classes of recipients of
the bankrupt's property or means, that is to say the
first clause is limited to a creditor, or person having a
claim against the bankrupt, or who is under any liability
for him, and who receives money or property by way of
preference; and the second clause applies to the purchase
of property of the bankrupt, by any person who has no
claim against him and is under no liability for him.''

It is obvious that the transaction here assailed, if within
the Act, must fall within the first clause of the 35th sec-
tion, which avoids the prohibited acts ''if done within
four months before the filing of the petition in bankruptcy,''
14 *Wal.*, 248, and to bring the case within this clause it
must appear that Lamberd was at the time insolvent, or
in contemplation of insolvency, that the judgment was
confessed with a view to give a preference to the appellee,
and *that the appellee knew* or had reason to believe that the
transaction was in fraud of the statute, 14 *Wal.*, 248.

Now in this case the judgment was confessed more than
four months before the proceedings in bankruptcy were

begun, and besides the answer distinctly avers (and there is no proof to the contrary) that the appellee had no knowledge of the insolvency of Lamberd, or any reason to believe that he was insolvent, or in contemplation of bankruptcy.

In this state of facts the Court below was right in dismissing the petition. It is well settled that the proceedings by an assignee authorized by the 39th section, must depend upon his rights under the 35th section. The two sections are to be construed together, as said by Judge SHARSWOOD in *Holl vs. Deshler*, 71 *Pa.*, 302. The words in the 39th section "if such person shall be adjudged a bankrupt, the assignee may recover back the money, or other property so paid, sold, assigned or transferred contrary to this Act," must be construed so as to be consistent with the 35th section, namely, provided the petition be filed *within four months*, in case of a preference to a creditor, or within six months, in case "of a transfer to a stranger."

The same decision was made in *Collins vs. Gray*, 8 *Blatchford, C. C. R.*, 483, where are cited to the same effect, *Hubbard vs. The Allaire Works*, 7 *Blatchf. C. C. R.*, 284, and *Bean vs. Brookmire*, 1 *Dillon, C. C. R.*, 24.

The order of the City Court in this case, will be affirmed and the cause remanded.

*Order affirmed.*

(Decided 23rd June, 1874.)