————o————

JOHN T. RUSSELL, ASSIGNEE OF CHAS. B. DUNBAUGH *et al.*, BANKRUPTS, Respondent, *vs.* A. K. OWEN, Appellant.

1. *Bankruptcy—Proof of claim—Failure of creditor to show debt due by himself to bankrupt—Suit on such debt by assignee—Set-off—Suit may be brought, where.* —One who in proving his claim before a register in bankruptcy omits to credit the bankrupt with an unsatisfied claim against himself, cannot, when sued by the assignee for such claim, plead as a set-off the amount allowed him by the register. (Bankr. Act, 1867, §§ 20, 21.) And the assignee may bring such suit in a State circuit court.

*Appeal from Bates County Circuit Court.*

*Betz & Brugler*, for Appellant.

I. The mutual debts and credits existing between defendant and said bankrupts, were proper subjects of set-off. (Bump Bankr., 3d ed. p. 70). And their character was not changed by defendants applying to the register to have them adjusted.

II. The doctrine of election is not applied to creditors. (2 Sto. Eq. Jur., 10 ed., p. 334, § 1092.)

III. The proper and only remedy for plaintiff, was to apply to the bankrupt court, to have the allowance of the register amended. The allowance might be diminished or enlarged as circumstances required. (Bump Bankr., pp. 81–84, and authorities there cited.)

IV. The jurisdiction of State courts is extinguished in all cases where the creditor has proved his claims before the register. The register is an officer of the bankrupt court, and the creditor is subjected to the jurisdiction of that court by presenting his claims to the register for adjustment. (Bump Bankr., 301; 1 Abbt. U. S. Pr., 223.)

*C. C. Bassett*, for Respondent.

I. The right of set-off is reserved to the creditor by section 20 of the bankrupt law, if the set-off be admitted in the presentation of the claim. But the defendant failing to do this, is elected to proceed on the said claim alone in the proceedings in bankruptcy. (Brown vs. Farmers' Bank of Kentucky, 6 Bush, 198.)

II. The mere proof of a claim made by a creditor before a register in bankruptcy, on *ex parte* proceedings does not confer exclusive jurisdiction on the United States court, as claimed by the appellant. There is no doubt that this would be the case if the assignee had attempted to have this allowance set aside. But here he merely sues to collect a debt due the estate, and lets the allowance stand.

SHERWOOD, Judge, delivered the opinion of the court.

1. The chief question for determination in this case is, whether a creditor who, in making proof of his claim before the register in bankruptcy omits to show that the bankrupt has an unsatisfied claim against him, can, when sued by the assignee for the amount of such unsatisfied and omitted claim, plead as a set-off the amount allowed by the register as a balance due to him. This question must receive a reply in the negative. Although the right of set-off is recognized by section 20 of the general bankrupt law of 1867, yet this recognition is accompanied with the provision, " that in all cases of mutual debts or mutual credits between the parties, the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed and paid." And the next succeeding section of the law provides : " that no creditor, proving his debt or claim, shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt."

When a party defendant pleads a set-off, he, in effect, brings an action for the amount of that set-off ; but, by presenting and proving his claims before the register, the creditor is to

be deemed as waiving " all right of action or suit against the bankrupt." It would be clearly contrary therefore to the evident intent of the above recited sections, to allow a creditor to do that indirectly, which the law precludes him from doing directly; to accomplish, by way of set-off, that which he would be debarred from asserting in a direct action. The same view of this point is taken elswhere. (Brown vs. Farmers' Bank of Kentucky, 6 Bush., 198.)

2. Another question presented by the record is, as to the jurisdiction of the trial court. On this, also, no doubt is entertained. The assignee stands in the shoes of the bankrupt, and can select the *forum* in which to bring his action; and this right of the assignee is not at all affected by the fact that another court has acquired jurisdiction of the bankrupt's estate. As that jurisdiction is exclusive only so far as relates to the proper disbursement of the assets of the bankrupt when collected, and has no reference to the method or agencies to be pursued or employed in their collection. (Bump Bankr., 198; Stevens vs. Mech. Sav. Bk., 101 Mass., 109; Ward vs. Jenkins, 10 Met., 583.)

The judgment is therefore affirmed. Judges Vories and Hough absent. The other judges concur.